## St. L., I. M. & S. Ry. v. Box.

1. RAILROADS: *Defective crossings: Contributory negligence.*

In an action against a railway company for personal injuries sustained by the plaintiff while attempting to drive a loaded wagon over the defendant's track at the crossing of a highway, the fact that when such attempt was made the plaintiff knew that the crossing was defective is not of itself conclusive proof of contributory negligence where it appears that the defect in the roadway was not necessarily dangerous.

2. SAME: *Same.*

In such case it is a question for the jury to determine whether, under the circumstances, the plaintiff was justified in attempting to cross the track, and whether he used due care in doing so.

APPEAL from *Craighead* Circuit Court.

J. E. RIDDICK, Judge.

This is an action to recover damages for personal injuries sustained by the plaintiff in being thrown from his wagon while passing over the defendant's track at a defective road-crossing. The answer denies any negligence on defendant's part and charges contributory negligence on the part of the plaintiff. The evidence shows that the plaintiff drove a wagon over defendant's tracks in Corning, at the crossing near the depot, for the purpose of getting a load of lumber. After the wagon was loaded with lumber he started back to cross the track at the same crossing. The lumber projected considerably in front. Plaintiff drove the team up an incline, which was 5 feet to 110 feet to the crossing. There were three tracks, the main track and one side track on each side. Plaintiff crossed the side track without difficulty, but when he arrived at the main track the wheels struck the plank outside of the rail and the team stopped and quit pulling, and the wagon rolled back some two or three feet. Plaintiff then took the whip and struck one of the mules, which started up again and pulled the wagon over the rail. .The fore wheels went into a hole some eight or ten inches deep between the rails. The jar threw plaintiff forward on the double-tree; he caught

St. L., I. M. & S. Ry. v Box.

on the double-tree and the tongue and was about recovering himself when something struck him on the back or side and knocked him back.   He could not recover himself, but fell to the ground, and was run over by the wagon and badly hurt. He had driven over the same crossing that day and many times before.   He knew its condition, as did everybody in Corning.   It was in bad condition, and the citizens had been complaining of it for some time.   The next nearest crossing was about half a mile north.

The court charged the jury as to the measure of damages and also gave them the following instructions, which were objected to by the defendant:

1.   It does not follow as a rule of law because a person undertakes to pass a defective or dangerous crossing over a railroad track, which he can see, and is thereby injured, that he is guilty of contributory negligence and cannot recover for his injury; but he should be careful in proportion to the danger, and may proceed to cross if it be consistent with reasonable prudence to do so, and, in this case, it is a question for the jury to say whether the plaintiff was in the exercise of reasonable prudence and ordinary care in attempting to cross at the time of the injury complained of, and in arriving at their conclusion on this subject, they should take into consideration the condition of the crossing, and plaintiff's knowledge of the same, and also the condition in which the wagon with which he was attempting to cross was loaded, and other circumstances in proof.

2.   If the jury find from the evidence that the plaintiff was injured while attempting to pass with his wagon a public crossing, placed by defendants over their railway, that the crossing was in a defective condition at the time, by reason of the negligence of the defendant, and that the injury to the plaintiff was caused by said defective crossing while he, on his part, was in the exercise of ordinary care and prudence, they will find for the plaintiff.

LII.—24.

St. L., I. M. & S. Ry. v. Box.

The jury returned a verdict for the plaintiff, assessing his damages at $1000, and the defendant appealed.

*Dodge & Johnson,* for appellant.

1. Plaintiff was guilty of contributory negligence. Had he taken the most ordinary precautions, he would not have been injured. *25 Mich., 294.*

2. If the crossing was notoriously defective and plaintiff knew it, and yet could have avoided it by using another crossing, or could have passed in safety by proper loading or driving, or the exercise of prudence, then a failure in either particular is negligence, in law, contributory to the injury. *90 Mass., 138; 12 Cush., 488; 3 Allen, 21; 5 Allen, 1; 33 Ohio St., 24; 6 id., 109; 3 id., 172; 61 Iowa, 101; 15 N. W. Rep., 855; Beach Cont. Neg., p. 257; 46 Penn. St., 316.* In this case there was another crossing near by, known to him, which was safe, and he should have crossed there. His failure was negligence. *64 Ill., 19; 71 id., 238; 61 Barb., 437; 11 Hun., 543; 84 Penn. St., 230.* See, also, *101 Penn. St., 622; 11 East, 60; 119 Mass., 564; 23 Wisc., 635; 63 Mo., 420; 45 Mo., 452; 61 id., 591–2.*

*F. G. Taylor,* for appellee.

1. Because a crossing is defective, and not *per se* dangerous, persons who know of its defects are not obliged to abandon travel, if in the exercise of ordinary care and prudence they might reasonably expect to avoid the obstruction, or if the defects were of such a character as that a reasonable person might not anticipate injury from crossing, and this is a question for the jury. *14 N. E. Rep., 738; 13 id., 256; ib., 677; 44 Am. Rep., 274, note; 46 id., 230; 2 N. E. Rep., 1; 7 S. W. Rep., 857; Thomps. on Neg., p. 1203, secs. 52, 53; 18 Am. & E. R. Cases, 87; 3 N. W. Rep., 389.*

PER CURIAM. It is admitted that there was proof showing negligence on the part of the company in its failure to keep CONTRIBU-the road-crossing in repair; but it is argued that the plaintiff's TORY NEG-LIGENCE. attempt to cross the track with a loaded wagon when he

knew of the defective condition of the crossing, is of itself conclusive proof of contributory negligence, and bars a recovery.

It is certainly true that one cannot recover for an injury caused by his own wanton or unreasonable conduct in this, more than in any other, class of cases (See *Rosenberry v. Ry.*, *45 Ark.*, *256*), but a traveler is not compelled to abandon the use of the only highway conveniently accessible to him, merely because he is apprised that it is out of repair. "A person who, in the lawful use of a highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do ; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party." This language, announcing the general rule which governs such cases, was used by the Supreme Court of Massachussets in a case very similar to this one. *Mahoney v. Ry.*, *104 Mass.*, *73;* see, too, *Thomp. Neg.*, *p. 1205, sec. 53.*

The defect in the road-crossing was not necessarily danger- **Same.** ous, and it was a question for the jury to determine whether, under the circumstances, the plaintiff was justified in attempting to cross the roadway notwithstanding the defect, and whether in doing so, he used due care. The court submitted the question under proper instructions to them, and their verdict is conclusive here.

Affirm.