## BAILEY v. STATE.

Opinion delivered November 8, 1909.

1. LARCENY—INSTRUCTION AS TO INTENT.—Where it was a question in a larceny case whether defendant took a certain pistol with intent to steal or merely to defend himself, it was reversible error to refuse to charge the jury specifically that if defendant took the pistol without intention to steal it, but only for the purpose of disarming the owner, he would not be guilty of larceny, even though in another instruction the jury were told that, in order to convict, they must believe beyond a reasonable doubt that defendant stole and carried away the pistol with intent to deprive the owner of his property. (Page 217.)

2. SAME—EVIDENCE.—Where, in a prosecution for larceny of a pistol, the defense was that he took the pistol from the owner to prevent him from doing him a personal injury, it was error to refuse to permit defendant to testify that, prior to the occurrence, the owner of the pistol had repeatedly threatened to kill him, and that they were on bad terms. (Page 219.)

Error to Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Jo Johnson,* for appellant.

An instruction on a trial for larceny which disregards the element of intent to steal is erroneous. 32 Ark. 238; 13 Ark. 168; 60 Ark. 5; 34 Ark. 341; 37 Ark. 261; 56 Ark. 315. Possession is not sufficient evidence of larceny unless accompanied with some claim of ownership or interest. 73 Ark. 32; 80 Ark. 497; 73 Ark. 169; 70 Ark. 144; 42 Ark. 73. Unless the defendant acted with felonious intent, he cannot be guilty of larceny. 70 Ark. 204; 34 Ark. 443; 55 Ark. 244; 34 Ark. 693; 44 Ark. 39; 58 Ark. 576; 67 Ark. 155.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The bare fact that there were no negroes on the jury is not sufficient for reversal. 189 U. S. 426; 200 U. S. 316; 86 Am. St. R. 668; 65 S. W. 1066; 95 S. W. 1069; 45 Tex. Cr. R. 430; 69 Ark. 189. If appellant desired an instruction on the element of felonious intent, he should have requested it. 67 Ark. 416; 75 Ark. 373; 77 Ark. 455.

McCULLOCH, C. J. Appellant, Pete Bailey, was convicted under an indictment charging him with grand larceny by stealing a pistol, the property of one Adams. The testimony adduced

at the trial below by the State tended to establish the following facts:

Appellant lived in the city of Fort Smith, and Adams, who was a policeman, went to the former's house and attempted to arrest him for permitting gambling in his house. Adams had no warrant for appellant's arrest, but claims that he saw a crowd of negroes shooting craps in appellant's house; that he had a warrant for the arrest of Arthur Edwards, who was one of them, and that when he went to the house all of them ran away, and he attempted to arrest appellant for permitting gambling to be carried on in his house. When Adams attempted to make the arrest, appellant and Edwards set upon him, knocked him down and beat him into insensibility, and took his pistol from him and ran away with it. Adams testified that he did not know which one of them took the pistol, but said that in the melee he felt it moved out of the scabbard.

Appellant testified that during the fight the pistol fell out on the ground, and that Adams and Edwards both reached for it, the latter getting to it first and securing it. Appellant and Edwards ran away, pursued by officers or persons seeking to apprehend them. They crossed the river into Oklahoma, and the next day were arrested by officers at the town of Sallisaw, in that State. When arrested, appellant had the pistol on his person, and he stated to the officer that he came from St. Louis, where he resided, and that the pistol had been given to him by his father. Appellant testified at the trial that Edwards took the pistol and gave it to him to keep during the night, and that they never intended to steal the pistol, but intended to return it at the first opportunity. He testified that after he and Edwards had escaped from their pursuers they talked about the pistol and agreed that he (appellant) should return to Fort Smith and "turn it over."

Appellant requested the court to give instructions to the effect that if he or Edwards took the pistol without any intention of stealing it, but only for the purpose of disarming Adams, then they would not be guilty of larceny. This is the law, and the court should have so instructed the jury. There was evidence sufficient to warrant a submission of that question to the jury, and appellant was entitled to a specific instruction to that

effect. *St. Louis & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 134; *Prescott & N. W. Ry. Co.* v. *Weldy,* 80 Ark. 454; *Western Coal & M. Co.* v. *Buchanan,* 82 Ark. 499; *Western Coal & M. Co.* v. *Burns,* 84 Ark. 74; *St. Louis & S. F. Rd. Co.* v. *Dyer,* 87 Ark. 531; *Jackson* v. *State, ante* p. 71.

It is true that the court in all of its instructions told the jury in general terms that if they believed, beyond a reasonable doubt, that appellant stole and carried away the pistol with intent to deprive the owner of his property, or aided or abetted Edwards in doing so, they should convict him, thus making his conviction depend upon the finding of these facts beyond a reasonable doubt. But the existence of an intent to steal being an essential element of the crime of larceny, and there being sufficient evidence to justify a finding that the pistol was not taken with any such intent, appellant was entitled to a specific instruction as asked. In *Gooch* v. *State,* 60 Ark. 5, Judge RIDDICK, speaking for the court, said: "To constitute larceny, the taking must be done with a felonious intent. It has been held that a person who takes muskets to prevent their being used against himself and friends does not commit larceny, there being no *lucri causa.*" He added a quotation from Bishop, that "a better reason for this just decision would have been that his motive was not to deprive the owner of his ownership in them."

In this case the taking and carrying away of the pistol was conceded, and the only question substantially in dispute was as to the intent. The testimony adduced by the State was sufficient to warrant a finding that Edwards, aided and abetted by appellant, took the pistol from Adams and carried it away with the felonious intent to steal it; and, on the other hand, the jury could have found that there was no intent to steal the pistol, but that they took it away from Adams in order to disarm him, either for the purpose of preventing him from successfully defending himself from their assault or from arresting them. It is unimportant what the real motive was, whether it was good or evil, so long as there was no intent to steal. And whether or not such an intent existed was, under the circumstances of the case, a question for the jury to decide under proper instructions. The minds of the jury should have been directed to this particular point by a specific instruction; at least when the appellant asked for such

an instruction, he was entitled to it.  *St. Louis & S. F. Rd. Co.
v. Crabtree,* 69 Ark. 134; *Prescott & N. W. Rd. Co.* v. *Weldy,*
80 Ark. 454; *Western Coal & Mining Co.* v. *Buchanan,* 82 Ark.
499; *Western Coal & Mining Co.* v. *Burns,* 84 Ark. 74; *St. Louis
& S. F. Rd. Co.* v. *Dyer,* 87 Ark. 531; *Jackson* v. *State, ante.*
p. 71.

Appellant offered to prove by his own testimony that, pre-
vious to this occurrence, Adams had repeatedly threatened to
kill him, and that they were on bad terms; but the court refused
to permit such proof to be made.  We think this testimony was
competent for the purpose of showing the intent with which ap-
pellant participated in the act of taking the pistol away from
Adams and carrying it away.  It tended to strengthen appel-
lant's contention that he did not intend to steal the pistol, and it
might have induced the jury to find that appellant aided or en-
couraged Edwards to take the pistol away from Adams be-
cause he was afraid of Adams and wanted to disarm him.

Other errors are assigned, not of sufficient importance to
discuss.  But for the error indicated the judgment is reversed,
and the cause is remanded with directions to grant appellant a
new trial.