## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
## v. WELLS.

### Opinion delivered January 29, 1912

1. HIGHWAYS—CONTRIBUTORY NEGLIGENCE OF TRAVELLER.—A person who, in the lawful use of a highway, meets with an obstacle may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party.   (Page 258.)

2. RAILROAD—OBSTRUCTION OF CROSSING—PROXIMATE CAUSE.—The partial obstruction by a railroad company of a crossing, either by partially blocking the crossing with cars, or by allowing a fallen tree to obstruct the way, or by permitting the crossing to become out of repair, constituted negligence; and where a traveller was injured by reason thereof while in the exercise of due care, such negligence was the proximate cause of his injuries.   (Page 259.)   ·

Appeal from Franklin Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*W. E. Hemingway* and *Lovick P. Miles,* for appellant.

A verdict should have been directed for the appellant. 7 Wall. 44; 94 U. S. 469; 105 U. S. 249. The injury complained of must be the direct consequence of the defendant's negligence; otherwise, plaintiff is not entitled to recover. 56 Ark. 263; 115 Mass. 304; 58 Ark. 158; 55 Ark. 520; 200 Ill. 456; 114 Pac. 611.

*Sam R. Chew,* for appellee.

Permitting a train to stand across a public highway for thirty-seven minutes is negligence *per se,* and renders the railway company liable for all damages or injuries that follow, or may reasonably be expected to follow from such negligent conduct. 152 U. S. 262; 111 U. S. 228; 88 Ark. 243; 53 Ark. 201; 75 Ill. 96; 27 Fla. 157; 9 So. 661; 20 N. W. 321; 66 Ark. 363; 65 N. E. 508; 75 Ark. 530; 52 Ark. 368; 75 Ark. 133.

McCULLOCH, C. J. The General Assembly of 1907 enacted a statute providing that it shall be unlawful, in the operation of railroads, to permit freight trains "to remain standing across any public highway, street, alley, or farm crossing * * * for more than ten minutes" or to "fail to leave a space of sixty feet across such public highway," etc. Appellant, in violation of this statute, partially blocked a street crossing

in the town of Ozark, Arkansas, and appellee sued for and re-
covered damages for personal injuries received while attempt-
ing to cross the track.    The evidence shows that the train stood
over the crossing and completely blocked it for about thirty-
seven minutes, and then was cut and an opening of about
twenty-five feet was made between the cars.    The cars still
covered the greater portion of the space which had been pre-
pared for the crossing of vehicles, and those who attempted to
pass over while the train stood there, including appellee, were
forced to go outside of the beaten track, along a rough and
unprepared way, where it was very rocky and there was no
planking to smooth the way over the rails.    Appellee was
driving a hack, and, stopping forty or fifty feet from the cross-
ing, waited for a considerable time for it to be opened.    After
it was partially opened, he discussed with another traveller the
advisability of attempting to cross, and decided to do so.    The
unblocked part of the crossing was covered to some extent with
weeds and grass, which obstructed a view of the rocks and
other obstacles.    Appellee started to drive over the crossing,
after others had crossed, but when the wheels of his vehicle
struck the rail at the place where there was no planking, it
"skidded," and threw one side of the vehicle higher than the
other, causing him to lose his balance and fall out of the hack.
There is no controversy as to the extent of his injuries nor as
to the excessiveness of the amount of damages recovered.
The question whether appellee was guilty of negligence in at-
tempting to drive over the partially blocked crossing was prop-
erly submitted to the jury, for it can not be said as a matter
of law that it constituted negligence for him to do so.

"A person who in the lawful use of a highway, meets with
an obstacle may yet proceed if it is consistent with reasonable
care so to do; and this is generally a question for the jury, de-
pending upon the nature of the obstruction and all the circum-
stances surrounding the party." *Mahoney* v. *Ry. Co.*, 104 Mass. 73.

This court, in *St. Louis, Iron Mountain & Southern Ry. Co.*
v. *Box*, 52 Ark. 368, quoted with approval the above language
of the Massachusetts court, and added that "a traveller is not
compelled to abandon the use of the only highway conveniently
accessible to him merely because he is apprised that it is out
of repair."

The only point urged upon our attention here by learned counsel for appellant is that the unlawful failure of the trainmen to open the crossing was not the proximate cause of appellee's injury. We do not agree with counsel in that contention. The partial blocking of the crossing for a longer time than the statute permits constituted negligence. Travellers are not compelled to abandon a partially obstructed crossing if its use in that condition is consistent with reasonable care for their own safety. In other words, the partial blocking of the crossing, in violation of the statute, constituted negligence on the part of the railway company, and it became then a question for the jury to determine, under the peculiar facts and circumstances of the case, whether the traveller was guilty of contributory negligence in attempting to cross. *St. Louis, I. M. & S. Ry. Co.* v. *Box, supra.*

It does not matter whether the obstruction was caused by partially blocking the crossing with cars, or by allowing a fallen tree to obstruct the way, or by permitting the crossing to get out of repair. If it constituted an act of negligence, and on account thereof injuries resulted to a traveller who was in the exercise of due care, such negligence would be the proximate cause of the injury. The opinion of this court in the recent case of *Curtis* v. *St. Louis & S. F. Rd. Co.*, 96 Ark. 394, has some bearing on this question. There the railway company had completely blocked a crossing with a freight train in violation of a city ordinance, and a pedestrian was injured by the moving of the train while he was attempting to cross between two of the cars. The opinion seems to recognize that the railway company was negligent in obstructing the crossing and in moving the train without any effort to warn or protect travellers. But the court held that the plaintiff was guilty of contributory negligence in attempting to cross between the cars and could not recover. We quoted with approval the following statement found in 2 Thompson on Negligence, § 1674:

"If the train is lawfully obstructing the crossing, that is to say, if it has not obstructed it for a greater length of time than that prescribed by statute or ordinance or, in the absence of statute or ordinance, for an unreasonable length of time, then a pedestrian who attempts to continue his journey upon

the highway by climbing over or between the cars does so at his own risk. * * * But, after the train has obstructed the crossing beyond the length of time prescribed by statute or ordinance or beyond a reasonable time in the absence of statute or ordinance, then the railway company is guilty of an unlawful obstruction of the highway; the right of passage on the part of the public is restored."

The case of *Paine* v. *Grand Trunk Ry. Co.*, 58 N. H. 611, though the opinion does not discuss the question especially, is authority for holding that, in a case like this, the obstruction of a highway by a train is the proximate cause of injuries sustained by a traveller who attempts to cross.

We conclude that the negligence in partially obstructing the crossing was the proximate cause of appellee's injury, the jury having found upon sufficient evidence that he was not guilty of negligence himself in attempting to cross. The circumstances are totally different from the facts in the Curtis case, *supra*, with reference to the conduct of the traveller in attempting to cross between the cars in a train which was likely to be moved at any moment. Appellee was not injured by the moving of the train as in the Curtis case.

These being the only questions in the case, we think that the judgment of the circuit court was correct, and the same is therefore affirmed.

WOOD, J., (concurring). I concur in the judgment. Although the appellant was negligent in partly blocking the highway beyond the time mentioned in the statute, such negligence would not be the proximate cause of the injury unless it was calculated to mislead a person of ordinary prudence, travelling by vehicle, and to cause such person to believe that he could pass the highway in safety notwithstanding its partially blocked condition. If appellee in the exercise of ordinary care could have seen that the highway in its partly blocked condition was dangerous or unsafe, then, if he undertook to pass over same, and was injured in the attempt, he would be negligent, and in such case his negligence would be the proximate and only cause of his injury. Therefore, in my opinion, the only theory upon which appellant can be held liable is that its negligence created a misleading condition.

Appellant, after having the highway completely blocked

beyond the allowed time, cut its cars and opened up a passage way of sufficient width to enable appellee's wagon to pass, but not safely.  This conduct on the part of appellant was tantamount to saying to the waiting traveller:  "Although I have delayed you beyond the time allowed by law, I have now opened the way so that you may safely pass."  It seems to me that this act of appellant was an implied invitation to appellee to go across the highway through the opening just made by appellant, and an implied assurance on the part of appellant that appellee might safely do so, when in reality appellant had negligently failed to make the opening sufficient. In my opinion, under these circumstances, the jury was warranted in finding that appellant's negligence was the proximate cause of the injury, and that appellee was not guilty of contributory negligence.