MISSOURI PACIFIC RAILROAD COMPANY *v.* HARE.

4-4714

Opinion delivered July 5, 1937.

*R. E. Wiley* and *Henry Donham,* for appellants.

*P. L. Smith* and *J. H. Lookadoo,* for appellee.

McHANEY, J. Appellee sued appellant and obtained judgment for $3,000 for personal injuries sustained by him when the blade of a road grader on which he was riding caught on a rail at a public crossing, at Antoine, in Pike county, Arkansas, which caused him to fall and to receive severe and painful injuries. He alleged negligence in maintaining a defective public crossing where the railroad crosses the public highway on Main street in Antoine, in that a hole had been dug or whipped out by the wheels of vehicles between the rails and that the left hind wheel of the grader, drawn by a tractor, dropped into such depression and that this caused the heel of the grader blade to catch on the second rail of the track, bringing the grader to an abrupt stop and throwing him to the ground.

It is first earnestly insisted by appellant, for a reversal of the judgment against it, that the court erred in refusing to direct a verdict in its favor. This challenges the sufficiency of the evidence to support the verdict. Viewed in the light most favorable to appellee, as we must do in determining this question, the evidence shows that he was foreman of a WPA job, doing some work on the public roads near Antoine; that, in connection with this work, his crew was using a road grading machine drawn by a tractor; that the tractor was in need of repair and it was necessary to take it to Antoine to order some parts; that, at the suggestion of the project engineer and the county judge, he was scraping or blading the road from the point where they were working near Delight into Antoine and back; that one Evans operated the tractor and one Phillips operated the grader; that the grader

was operated by manipulating the blade by the use of two wheels so as to raise or lower the blade in the process of smoothing the road; that appellee was standing on the grader with one foot on the left rear axle and another on the platform; that as they reached the railroad crossing in Antoine, said Evans stopped the machine, or nearly so, to give Phillips an opportunity to adjust the blade, so it would pass over the rails in safety; that Phillips did this, signaled Evans to proceed, which he did; that the blade which had been elevated to 1½ to 2 inches, and wheels passed over the first rail in safety, but because of a depression in the dirt or filling between the rails of the track, the left hind wheel of the grader dropped into a hole or rut which so lowered the heel of the blade as to cause it to catch on the second rail, giving it a sudden jerk or lateral motion, throwing appellee off to the ground. Appellee says he did not see the hole or rut, but felt the wheel drop into it, and he thought it was 4 or 5 inches deep. Phillips testified that he raised the grader blade high enough to pass over the rail, but the left hind wheel dropped down between the rails where a hole had whipped out and that the whipped-out place was 2½ or 3 inches deep which caused the left wheel to drop down, catching the heel of the blade. Another witness, Lamb, testified to the same condition and that the whipped out place was about 4 inches deep, and others said the crossing was in bad condition. This evidence is disputed by others, by contradictory statements given at the time by Evans and Phillips and by photographs taken within an hour or two after the accident. We think this evidence sufficient to take the question of negligence to the jury, as we cannot say there is no substantial evidence the crossing was in bad repair and the appellant knew it, or by the exercise of ordinary care could have known it. *St. L. & S. F. Ry. Co.* v. *Dyer,* 87 Ark. 531, 113 S. W. 49.

It is next argued that instructions Nos. 1 and 2, given at appellee's request, are erroneous. We have examined these instructions carefully, as also all the others given, and find that the instructions fully and fairly cover the law of the case. For instance, in the Dyer case, *supra,* this court said: "Railroads in constructing and main-

taining highway crossings are not required to anticipate and provide against extraordinary dangers, and are not required to provide facilities for the passing over of vehicles other than those in common use in the locality. Travelers along the highway when they encounter railroad crossings are entitled to facilities which are reasonably safe and convenient for vehicles in common use, but when they attempt to use crossings for other purposes they have no right to demand extraordinary facilities to meet the necessities of the special use. If a traveler attempts to cross with some kind of vehicle not in common use, he must take the crossing as he finds it constructed for use of ordinary vehicles."

The court instructed the jury in accordance with this statement of the law. Some contention is made that the machinery used in this case was not an ordinary vehicle in common use, and that appellee had no right to expect or demand extraordinary facilities to meet the necessities of the special use. The court properly left this question to the jury under instructions given at appellant's request, just as the court did in the Dyer case, *supra.*

Also, in *St. L., I. M. & S. Ry. Co.* v. *Smith,* 118 Ark. 72, 175 S. W. 415, the late Mr. Justice HART, speaking for the court, said: "The duty of the railroad company to repair and restore a highway is a continuing one, and commensurate with the increasing necessity of the public, and so, where the enlargement of a city or increased travel upon streets has rendered the crossing as originally restored inconvenient or dangerous, it is the duty of the company to adapt it to the public needs."

The court, at appellants' request, told the jury that the law requires it to exercise ordinary care to keep and maintain highway crossings over its tracks in reasonably safe condition for travel, and that it is not an insurer of the safety of persons using such crossing. Also, instructions were given, as heretofore stated, covering the rule in the Dyer case, and the question of contributory negligence of appellee was submitted. But, says appellant, no negligence was shown, except the negligence of Phillips in not raising the blade of the grader sufficiently high to

pass over the second rail. It may be that Phillips was negligent in this respect, but it is also true, as we have already shown, that the crossing was in bad repair, or, at least, a jury question was made regarding it, so that appellee was injured by the concurring negligence of both, and this justified the jury in finding against appellant, even though Phillips was, also, negligent.

We find no error, and the judgment is accordingly affirmed.

GRIFFIN SMITH, C. J., dissents.