Ray Allen TOLLETT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20693.

United States Court of Appeals,
Eighth Circuit.

June 14, 1971.

Thomas B. Pryor, Fort Smith, Ark.,
for appellant.

James A. Gutensohn, Asst. U. S.
Atty., Fort Smith, Ark., Bethel B. Lar-
ey, U. S. Atty., for appellee.

Before VAN OOSTERHOUT, HEA-
NEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Ray Allen Tollett was convicted of mailing postcards containing language of a scurrilous and defamatory character, intended to reflect injuriously upon the character or conduct of another in violation of 18 U.S.C. § 1718. We reverse the judgment of conviction and order a new trial.

Trial of this case in District Court with jury waived commenced on March 30, 1970 with Tollett represented by an attorney of his choice. During the course of the trial, Tollett took the witness stand in his own defense against the advice of his attorney. His testimony disclosed that he had theretofore been under psychiatric treatment and was then taking medication for depression and worry. The trial judge then suggested to Tollett the possibility of a thorough physical examination at the Springfield, Missouri Medical Center to determine his mental ability to stand trial. This was agreed to by Tollett and the trial was recessed for that purpose.

On May 14, 1970 the trial court received a Report of Psychiatric Staff Examination from the Chief of Psychiatric Service at the Springfield, Missouri Medical Center. This report indicated that Tollett had "sufficient ability to understand the charges against him" and that "he can cooperate with counsel and assist in his defense."

Trial of the case resumed on July 15, 1970. At that time the following colloquy took place concerning Tollett's attorney:

"THE COURT: Mr. Tollett, I received a communication from Mr. Dodrill stating that you and he had talked it over and you had terminated his employment. Under those circumstances, we have turned him loose. When we stopped this hearing before you were on the stand testifying. Do you want to go back and testify without counsel?

MR. TOLLETT: Yes, sir.

THE COURT: Remember now that you are under oath."

No other discussion concerning counsel for Tollett took place until just prior to sentencing.

At the resumed trial on July 15, 1970, Tollett admitted sending the cards through the mail and offered his reasons for sending them. At the conclusion of Tollett's testimony, the Court made the following statement:

"THE COURT: This being the conclusion of the original hearing that we were having sometime prior. Mr. Tollett, let me tell you. The Court considers your statement to be the equivalent and constitutes a confession. So the Court is going to find you guilty. The matter of the sentence—could you conveniently come to Fort Smith as you can come here?

A. Yes, sir, if my car will make it."

Tollett was sentenced on September 11, 1970. At sentencing, the Court advised him of his right to be represented by counsel at sentencing. Tollett asked to defer his decision on requesting counsel at sentencing until after he had made a statement on his own behalf. While making this statement Tollett did request that counsel be appointed.[1]

---

1. During the statement, Tollett told the Court:
"Now, not to offend this court, I believe that I have a constitutional right to have an attorney to represent me. I believe that I have a right to have an attorney to represent me at the resumption of this case. I agreed to go along and represent myself. But Your Honor, I was deprived of that right by this court while still a witness on the witness stand. I was found guilty. I was not allowed to make any argument in my behalf to the finding of a verdict of not guilty."
The Court later interrupted the statement, and this colloquy took place:
"THE COURT: Ray, you have talked twenty-five minutes.
A. Thank you, Your Honor.
If I have a right to be examined by a private psychiatrist, I request that right. If I have a right to an attorney, I request that right. I request that he be

The trial court did not appoint counsel, but did go ahead and impose a suspended sentence.

Tollett, acting *pro se*, filed a motion for new trial in which he claimed the Court deprived him of his right to act as his own counsel.[2]

The motion for new trial was overruled and this appeal followed.

On appeal, court appointed counsel for Tollett has raised two principal questions: Whether the trial court erred in proceeding with the trial without first advising the defendant of his right to be represented by counsel, including the right to have counsel appointed for him if he was financially unable to obtain an attorney; and, that 18 U.S.C. § 1718, upon which the indictment is based, is unconstitutionally vague and infringes the constitutional guarantee of free speech.

■ The law is clear that the sixth amendment guarantee of the right to counsel in a federal criminal trial can only be waived after a careful explanation of the defendant's rights by the court and an intelligent exercise of the choice by the defendant. We must indulge every reasonable presumption against the waiver, and we cannot presume acquiescence in the loss of fundamental rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States v. Warner, 428 F.2d 730, 733 (8th Cir.) (2–1 decision), cert. denied, 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1970); United States ex rel. Miner v. Erickson, 428 F.2d 623, 626 (8th Cir. 1970) (2–1 decision); Jarrett v. United States, 423 F.2d 966, 973 (8th Cir. 1970). *Accord,* Bennett v. United States, 413 F.2d 237, 242–243 (7th Cir.), cert. denied, 397 U.S. 996, 90 S.Ct. 1136, 25 L.Ed.2d 404 (1970); Tobin v. United States, 402 F.2d 307, 308–309 (7th Cir. 1968); United States v. Curtiss, 330 F.2d 278, 280 (2nd Cir. 1964).

This rule has been codified by Rule 44 of the Federal Rules of Criminal Procedure, which states as follows:

"Rule 44. Right to and Assignment of Counsel

(a) Right to Assigned Counsel. Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment."

The duty to appoint counsel in federal criminal cases is further set forth in 18 U.S.C. § 3006A(b).[3]

---

granted time to examine the records of this case so that he can make a motion for mistrial or for any other motion that might be to my benefit, and also request that in my status as a ward of this court, if this is at all possible, that Your Honor will order an investigation of the allegations that I have made."

2. Tollett made the following allegation in the motion:

"Defendant will concede that he agreed to proceed without an attorney and act as his own counsel, but the conduct of the Court in finding Defendant guilty while he was still a witness on the witness stand deprived Defendant of his right to act as his own counsel. Had the customary procedure been followed, in which Defendant would have been dismissed as a witness and permitted to act as his own counsel, Defendant desired to call witnesses in his behalf; to present exhibits to the Court; and to make a closing argument in his behalf."

3. 18 U.S.C. § 3006A(b) in effect at the time of trial provided as follows:

"(b) Appointment of counsel.—In every criminal case in which the defendant is charged with a felony or a misdemeanor, other than a petty offense, and appears without counsel, the United States magistrate or the court shall advise the defendant that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the defendant waives the appointment of counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him. The United States magistrate

■ At the resumption of the hearing on July 15, 1970, the trial court advised Tollett that he had received a communication from his prior attorney stating that Tollett had terminated his employment and that "we have turned him loose." He did not inquire of Tollett as to the circumstances of the termination of counsel and did not ask Tollett whether his prior attorney had resigned or whether Tollett had discharged him. He then told Tollett that "[w]hen we stopped this hearing before you were on the stand testifying. Do you want to go back and testify without counsel?" Mr. Tollett replied that he did. There was no explanation to Tollett at that time that he was entitled as a matter of law to an attorney; no questioning of Tollett to see if he could afford an attorney; and no explanation of the desirability of having an attorney or that if he could not afford to pay an attorney, that the court would appoint one and authorize payment by the government. When Tollett did ask for an attorney prior to sentencing, his request was ignored. Under those circumstances, it cannot be said that Tollett intelligently waived his constitutional right to be represented by counsel.

■ The second contention of counsel for Tollett is that the statute upon which the indictment is based, 18 U.S.C. § 1718, is unconstitutionally vague and infringes the constitutional guarantee of free speech. This issue was not raised at the original trial, and in view of the fact that this case is being remanded for new trial, will not be considered by this Court on appeal.[4]

The Court is indebted to Mr. Thomas B. Pryor of Fort Smith, Arkansas for his very effective services as court appointed counsel.

Reversed and remanded for new trial.

---

or the court shall appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel, or when other good cause is shown. Counsel appointed by the United States magistrate or a judge of the district court shall be selected from a panel of attorneys designated or approved by the district court."

4. We believe that sound judicial discretion requires that the issue be first presented to the trial court. *Compare* Becton v. United States, 412 F.2d 1005, 1007 (8th Cir. 1969) *with* Page v. United States, 282 F.2d 807, 810–811 (8th Cir. 1960). *See also* United States v. Hoskins, 406 F.2d 72, 74 (7th Cir. 1969), cert. denied. 402 U.S. 943, 91 S.Ct. 1603, 29 L.Ed.2d 110 (1969) (No. 1148, 1968 Term; renumbered No. 67, 1969 Term; and renumbered No. 16, 1970 Term); Talmanson v. United States, 386 F.2d 811, 812 (1st Cir. 1967), cert. denied, 391 U.S. 907, 88 S.Ct. 1658, 20 L.Ed.2d 421 (1968).