878

Fred WILLIAMS *v.* STATE of Arkansas

5671                                        475 S.W. 2d 530

Opinion delivered January 31, 1972

*Howell, Price, Howell & Barron;* By: *William C. Rea,* for appellant.

*Ray Thornton,* Attorney General; *Henry Ginger,* Asst. Atty. Gen., for appellee.

Lyle Brown, Justice. Appellant Fred Williams appeals from a conviction for grand larceny, he allegedly having stolen a gun from an arresting officer. He contends that the court erred in denying his motion for a directed verdict at the close of the State's case because the evidence was not sufficient to show a specific intent to commit larceny.

Appellant was driving his truck south on Frazier Pike in Little Rock, accompanied by his wife. They became engaged in a quarrel and appellant stopped his truck in the roadway "to cool her down." There was a scuffle between the parties. Officer Riggin came upon the scene, stopped, approached the truck, and advised appellant to get out. Officer Riggin testified that he removed appellant from the truck after a bit of resistance. The officer said he took appellant to the police car and radioed for assistance. He said appellant started scuffling again and, during the scuffle the two men fell in the roadway. According to the officer appellant gained possession of the weapon after both men fell to the ground; that appellant fired one shot; and that he ran

to the truck with the gun in his possession and drove away. Officer Riggin radioed another policeman in the vicinity and appellant was apprehended some six blocks from the scene of the altercation. The officer's pistol was in the seat of appellant's truck.

The version of the incident, as testified to by appellant, differed in some respects from that of the officer. Appellant insisted that the officer fired the gun, lost control of it, and it fell to the ground. Appellant said he retrieved the gun for his own safety. He concedes that he drove away with it and intended taking it to police headquarters.

The single question before us is whether the evidence was sufficient to sustain a felonious larceny. Ark. Stat. Ann. § 41-3901 (Repl. 1964). The intent to deprive the owner of his property is an essential element of the crime. The crux of this case is the intent of appellant when he took the gun, placed it in his truck, and drove away with it in his possession. If he intended to take it to the police station then he would not be guilty of larceny. On the other hand, if he intended to keep the weapon or dispose of it by sale or otherwise, he would be guilty of larceny.

The trial judge, sitting as a jury, rejected the self-serving declaration that appellant intended to take the pistol to the police station and turn it in. The judge evidently believed that the aggressive attitude of the appellant was inconsistent with appellant's theory that he merely took the gun to protect himself. The testimony of the officer was to the effect that he at no time reached for his pistol. "The subject (appellant) grabbed the revolver out of my holster, discharging one round, and then jumped back and pointed it at me and told me not to move." Whereupon, according to the officer, appellant ran and got in his truck with the weapon in his hand. It was evidently the trial judge's conclusion that appellant thought he could disappear from sight and keep the pistol, valued at $135. The attitude of mind of the officer's assailant was of some significance. Appellant testified in effect that he was in a belligerent mood which was initiated from his wife's pulling on

him and insisting that he turn the truck around. He also said he resented the attitude with which the officer approached his truck. The intent resting in one's mind in a case of this nature has to be gleaned from reasonable inferences to be drawn from the circumstances surrounding the case.

Appellant relies strongly on *Bailey* v. *State*, 92 Ark. 216, 122 S. W. 497 (1909). That was a case in which an officer was disarmed in an attempt to make an arrest. Appellant in that case fled and was apprehended the next day. He testified that he intended to return the pistol. As appellant here points out, that case was reversed; however, it was reversed because of the refusal of the trial court to give a proffered instruction. In fact the court said in that case that the circumstances were sufficient to warrant a conviction for larceny. The case was reversed and remanded for a new trial.

We are unable to say that there was not substantial evidence to support the charge.

Affirmed.