Elwyn D. GRAHAM *v.* STATE of Arkansas

CR 86-73 717 S.W.2d 203

Supreme Court of Arkansas
Opinion delivered October 13, 1986

*Chandler & Thomason*, by: *Byron Thomason* and *J.G.*

*Molleston*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted by a jury of the offenses of felon in possession of a firearm and of aggravated robbery. He was sentenced as an habitual offender pursuant to Ark. Stat. Ann. § 41-1001 (Supp. 1985). He was sentenced to 12 and 45 years respectively. He argues three grounds for reversal of the convictions: (1) the trial court erred in rejecting testimony about the appellant's mental condition; (2) the aggravated robbery conviction was not supported by the evidence; and (3) the court erred in allowing the jury to inspect the appellant's prior penitentiary commitments during deliberations. We reverse and remand the case for a new trial.

On October 7, 1985, at about 4:30 p.m., two Columbia County deputy sheriffs arrived at appellant's residence to arrest him on a misdemeanor warrant. The appellant emerged from his bedroom with a shotgun and ordered a deputy to remove his gun and leave the house. The officer returned to his car where the other deputy was radioing for help. The appellant passed the officers as he was leaving his home, carrying his shotgun and the deputy's pistol. He eluded the authorities until about 11:00 p.m. when he called them and arranged to surrender. At the time of the call he was about three blocks from his residence. After agreeing to surrender, he and a friend decided to leave the officer's gun at the friend's house rather than take it to the police station with him. At trial the officer testified that he was deprived of the use of his handgun for about six hours.

During the deliberations in the penalty phase of the trial, the jury asked the court about parole eligibility. The court instructed the jury not to consider the possibility of parole. Over appellant's objection the jury was permitted to view the written judgments of prior convictions. The primary objection was that one of the prior commitments was dated about seven months before the offense for which he was being tried was committed. The appellant's argument is that since it was a three year commitment, the jury could discern how soon a parole could be granted; therefore, allowing the jury to view the papers amounted to a comment on parole eligibility.

We first consider the argument that during the guilt-innocence phase of the trial the lower court erred in refusing to allow the testimony concerning appellant's mental and emotional condition. The mother and grandmother of the accused would have testified to the effect that under pressure the appellant "goes to pieces." This same testimony was also ruled inadmissible in the penalty phase of the proceeding. From the record it appears the mother and grandmother were qualified to express an opinion as to the appellant's mental condition.

In *Campbell* v. *State*, 265 Ark. 77, 576 S.W.2d 938 (1979), this Court was faced with a similar fact situation and addressed the application of Ark. Stat. Ann. § 41-602 (Repl. 1977). There we stated, "[e]ven if the mental disease or defect did not constitute a defense, evidence of it was relevant on the question of his culpable mental state. . . ." In the present circumstances purposeful intent is an essential element of the aggravated robbery. A witness may give a non-expert opinion on matters rationally based upon his perception if it is helpful to a clear understanding of his testimony or the determination of a fact issue. A.R.E. Rule 701. Furthermore, evidence of mental disease or defect is admissible to prove whether the accused had the kind of mental state required for commission of the offense charged under Ark. Stat. Ann. § 41-602 (Repl. 1977). We therefore hold that it was prejudicial error to refuse to allow the appellant's mother and grandmother to testify during the guilt-innocence phase of the trial.

The second argument is that the evidence was insufficient to support the aggravated robbery conviction. The provisions of Ark. Stat. Ann. § 41-2102 (Supp. 1985) state:

(1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 . . . and he

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed. . . .

Ark. Stat. Ann. § 41-2103 (Repl. 1977) defines robbery as:

(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

Ark. Stat. Ann. § 41-2203 (Repl. 1977) defines theft as:

(1) A person commits theft of property if he:

(a) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof. . . .

 The question for our consideration therefore is whether the appellant took or exercised unauthorized control over the officer's pistol with the purpose of depriving the owner thereof. Whether he had the requisite intent is a question of fact. *Williams* v. *State*, 251 Ark. 878, 475 S.W.2d 530 (1972); *Bailey* v. *State*, 92 Ark. 216, 122 S.W. 497 (1909). In other cases in which an accused had disarmed an officer and fled with the weapon, we held that the trial court properly presented the question of intent to the jury. The record reveals substantial evidence from which the jury could have concluded that he possessed the necessary intent.

The third and final argument for reversal is that the trial court erred in allowing the jury to take copies of appellant's prior convictions into the deliberation room. This action was taken after the court properly refused to inform the jury about parole eligibility and was in response to the jury's inquiry whether the appellant had ever served time in the Arkansas Department of Correction. The prior convictions had been introduced as exhibits in chambers, out of the presence of the jury, in order that the court could determine the number of previous convictions.

 Act 252 of 1981, codified as Ark. Stat. Ann. § 41-1005 (Supp. 1985), establishes the procedure for determining the number of convictions. Previously the jury made such determinations. The pertinent part of Act 252 states:

"[t]he trial court shall then instruct the jury as to the number of previous convictions and the statutory sentencing range. The jury may be advised as to the nature of the previous convictions and the date and place thereof."

It is not mandatory that the jury know the nature and time and place of the previous felonies. This is a matter of discretion with the trial court.

Appellant relies upon our decision in the case of *Jones* v. *State*, 283 Ark. 308, 675 S.W.2d 825 (1984). In *Jones* the appellant argued that the prior convictions should have been submitted to the jury and the number of prior convictions determined by the jury. However, we pointed out that Act 252 made this an issue of law to be decided by the court. We did hold that it was not error to refuse to introduce prior convictions into evidence to be considered by the jury. In the present case the argument by appellant is the opposite of the argument in *Jones*. Here, it is argued that the court erred by allowing the jury to examine the commitments. We have previously held that the number of prior convictions is a matter of law, not fact. See *McGirt* v. *State*, 289 Ark. 7, 708 S.W.2d 620 (1986); *Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984).

The correct statutory procedure in a bifurcated trial is, after a finding of guilt, for the trial court to hold a hearing, out of the presence of the jury, to determine the number of prior convictions and to then instruct the jury as to the number to be considered by them in fixing the punishment. Although evidence of prior convictions is made a part of the record for appeal purposes, such material is not introduced into evidence to be considered by the jury. Therefore, it is prejudicial error for the court to provide the jury with documents which have not been introduced into evidence. It would have been proper for the trial court to have advised the jury about the nature of the previous convictions and the dates and places thereof. However, in the absence of a request for such information by the parties or the jury, the trial court is under no duty to sua sponte inform the jury of such matters.

Reversed and remanded.

HICKMAN, and HAYS, JJ., would not find prejudicial error on point three.