Fabian COSTILLO *v.* STATE of Arkansas

CR 86-212                                                728 S.W.2d 153

Supreme Court of Arkansas
Opinion delivered April 27, 1987

44

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *William G. Bullock*; and *Lavender, Rochelle, Barnette, Franks & Arnold*, by: *Jerry A. Rochelle*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant filed a Rule 37 petition in the trial court on June 17, 1985. The appellant's primary argument for post-conviction relief is that he was denied his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. He also argues that the submission to the jury of evidence of his prior convictions was in violation of Ark. Stat. Ann. § 41-1005 (Supp. 1985). At a hearing on May 23, 1986, the trial court denied any relief. It is from this Rule 37 proceeding that the appellant brings this appeal. We hold that both of appellant's arguments are meritorious.

On May 11, 1981, the appellant was arrested and charged with an aggravated robbery which occurred earlier that same day. Eight days later the trial court sounded the docket for trials to be held in June, 1981. An affidavit of indigency had been filed by the appellant and the court appointed counsel to defend him at a trial scheduled for June 10, 1981. On June 9, 1981, the appellant requested a continuance in order to employ counsel of his own choosing. He objected to appointed counsel because neither appointed counsel nor his partner had had much criminal defense experience. He requested a ninety day extension, then sixty days, and finally thirty days. The court reset the trial for June 23, 1981, and released appointed counsel. The appellant was unable to obtain funds to employ counsel before the trial. On the day of the trial appellant appeared in chambers and requested two more weeks within which to employ a lawyer. The request was refused.

The following colloquy occurred on the morning of June 23,

1981:

> DEFENDANT: I cannot try the case, Your Honor. I'm not capable of it.
>
> COURT: That was the condition on which the setting was postponed on the 10th of June. Now, this dilatory tactic, in the view of the court will not be tolerated.
>
> DEFENDANT: Your Honor, I'm not trying to postpone anything. I just want someone to represent me.

The court then directed the appellant to defend himself but did require previously appointed counsel to sit at counsel table to answer any legal questions the appellant had. During the trial, counsel offered no advice to the appellant except in direct response to his questions. The appellant protested throughout the trial that he desired competent counsel to represent him. The jury returned a verdict of guilty.

During the sentencing phase the trial court allowed the state to present evidence of alleged prior convictions and the underlying offenses to the jury. The jury determined the number of prior convictions and imposed a sentence of seventy-five years.

Although a notice of appeal was filed with the trial court, the record was never filed with the clerk of this Court and the appeal was never perfected. The appellant filed a Rule 37 petition with the trial court in June of 1985. As required by Arkansas Rules of Criminal Procedure Rule 37.3, a hearing was held on the petition in May of 1986. The hearing was conducted before a different judge as the trial judge was a witness at the hearing. The court found that the appellant was not entitled to the relief requested. The appeal from that decision was timely filed.

The Sixth Amendment to the United States Constitution guarantees an accused the right to the assistance of counsel in his defense, and this right is made obligatory on the states by the due process clause of the Fourteenth Amendment. *Gideon* v. *Wainwright*, 372 U.S. 335. Moreover, before a trial court can find that an accused has knowingly and intelligently waived counsel and allow the accused to proceed *pro se*, the trial court must determine: (1) that the request is unequivocal and timely asserted; (2) that there has been a knowing and intelligent waiver of

the right; and (3) that the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues. *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986), citing *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975). Mr. Costillo was not represented by counsel at his trial and there is no showing that he knowingly and intelligently waived this right. The state concedes error. We agree. Accordingly, the decision of the Rule 37 trial court must be reversed and the case remanded for a new trial on the merits.

An additional error asserted by the appellant concerned the sentencing phase of the trial. The jury heard all of the evidence presented by the state regarding Mr. Costillo's prior convictions, and it was the jury that determined not only the sentence to be given the appellant, but the actual number of prior convictions as well. The Honorable John Goodson, the trial judge, testified at the Rule 37 hearing that under the law in effect when this trial occurred (A.S.A. § 41-1005 (Supp. 1985)), the jury should not have heard the state's evidence of prior convictions, and should not have been called upon to determine the number of prior convictions. We discussed the proper procedure for introduction of prior convictions in *Graham* v. *State*, 290 Ark. 107, 717 S.W.2d 203 (1986), where we stated:

> The correct statutory procedure in a bifurcated trial is, after a finding of guilt, for the trial court to hold a hearing, out of the presence of the jury, to determine the number of prior convictions and to then instruct the jury as to the number to be considered by them in fixing the punishment. Although evidence of prior convictions is made a part of the record for appeal purposes, such material is not introduced into evidence to be considered by the jury.

(This decision was subsequent to the trial of the appellant.)

In view of the improper introduction of evidence of prior convictions, and the denial of the Sixth Amendment right to counsel, the case must be reversed and remanded for a new trial.

Reversed and remanded.