Ricky SCOTT *v.* STATE of Arkansas

CR 89-17                                   766 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered March 13, 1989

*Ronald C. Wilson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of DWI in the Wynne, Arkansas municipal court. He then appealed the conviction to the circuit court for Cross County. The circuit court jury found him guilty, and the court sentenced him to six months in jail and assessed a one thousand dollar fine. The only issue that we need consider is whether the appellant gave a voluntary and intelligent waiver of his right to trial counsel. The record does not disclose that he waived this right. Consequently the conviction is reversed and the case is remanded to the circuit court.

█ █    The record is silent so far as the appellant's waiver of the right to counsel is concerned. In resolving this issue, we will first examine our own precedents and then turn to a consideration of decisions of the U.S. Supreme Court and the federal Circuit Courts of Appeals. We consider this same subject in *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). There we stated:

> The right to counsel . . . is a personal right and the accused may knowingly and intelligently waive counsel either at a pretrial stage or at the trial. *Johnson* v. *Zerbst*, 304 U.S. 458 (1938); *Barnes* v. *State*, [258 Ark. 565, 528 S.W.2d 370 (1975)]. [H]owever, every reasonable presumption must be indulged against the waiver of fundamental

constitutional rights. *Franklin & Reid* v. *State*, 251 Ark. 223, 471 S.W.2d 760 (1971).

Discussing the waiver of fundamental constitutional rights in *Stephens* v. *State*, 295 Ark. 541, 750 S.W.2d 52 (1988), we quoted from *Carnley* v. *Cochran*, 369 U.S. 506 (1962), as follows:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not a waiver.

■ Whether there has been an intelligent waiver of the right to counsel depends upon the facts in each case. The burden is upon the state to show that an accused voluntarily and intelligently waived this fundamental right. In *Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988), we held that "the state did not meet its burden of showing an intelligent and voluntary waiver by Bowden of his right to counsel." The issue of a knowing and intelligent waiver of the right to counsel has been discussed by this court many times. In *Costillo* v. *State*, 292 Ark. 43, 728 S.W.2d 153 (1987), we stated:

> Mr. Costillo was not represented by counsel at his trial and there is no showing that he knowingly and intelligently waived this right. The state concedes error. We agree. Accordingly, the decision of the Rule 37 trial court must be reversed and the case remanded for a new trial on the merits.

■ The United States Court of Appeals for the Eighth Circuit has expressly set forth rules to be followed in determining whether the Sixth Amendment right to counsel has been waived. In *Tollett* v. *United States*, 444 F.2d 622 (8th Cir. 1971), the court stated:

> The law is clear that the sixth amendment guarantee of the right to counsel in a federal criminal trial can only be waived after a careful explanation of the defendant's rights by the court and an intelligent exercise of the choice by the defendant. We must indulge every reasonable presumption against the waiver, and we cannot presume acquiescence in the loss of fundamental rights.

A very recent federal decision which arose in Arkansas is that of *Meyer v. Sargent*, 854 F.2d 1110 (8th Cir. 1988), wherein the court stated that "a specific warning on the record of the dangers and disadvantages of self-representation is not an absolute necessity in every case *if the record shows that the defendant had this required knowledge from other sources.*" (Emphasis added.) The *Meyer* opinion continued:

> Our holding, that a specific on the record warning of the dangers and disadvantages of self-representation is not an absolute necessity in every case for a valid waiver of counsel, should in no way be interpreted as any indication that we disfavor such a policy. Exactly the opposite is true. At best, requiring appellate courts to search through voluminous records for evidence of knowledge of this type is a time-consuming effort and a waste of judicial resources not because it is a frivolous inquiry, but because it could be avoided with a relatively short and simple colloquy on the record. . . . Thus, we are hopeful that all courts will voluntarily pursue this practice and that government prosecutors will see the benefit in encouraging courts with other practices to change them.

*Meyer* makes it quite clear that in the Eighth Circuit the recommended practice is that the courts make a relatively short and simple record concerning the waiver of the right to counsel. Other Circuit Courts of Appeals decisions have held that a waiver may not be presumed from a silent record. See *Piankhy v. Cuyler*, 703 F.2d 728 (3rd Cir. 1983); and *United States v. Edwards*, 716 F.2d 822 (11th Cir. 1983).

The United States Supreme Court discussed waiver of the right to counsel in *Patterson v. Illinois*, ___ U.S. ___, 108 S.Ct. 2389 (1988). That opinion stated that "[t]he constitutional minimum for determining whether a waiver was 'knowing and intelligent' is that the accused be made sufficiently aware of his right to have counsel present and of the possible consequences of a decision to forego the aid of counsel." *Patterson* reemphasized the holding in *Miranda* that a proper warning, prior to waiver of rights, is necessary before the police may question an accused. The opinion cited *Johnson v. Zerbst*, supra, and also relied on the holding in *Faretta v. California*, 422 U.S. 806 (1975), which

approved the right of an accused to waive his Sixth Amendment right to counsel and represent himself. *Faretta* requires that a defendant "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' "

■ The record in this appeal is completely silent on waiver of counsel. There is no recorded specific warning of the dangers and disadvantages of self-representation. Moreover, there is no record showing that the defendant possessed such required knowledge from other sources. In view of the fact that the trial court did not make a record on the appellant's waiver of counsel, the case is remanded for a new trial.

Reversed and remanded.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. This case troubles me because, according to appellant's testimony, he appeared before the trial court one week prior to trial (January 11, 1988) and asked for an attorney. If the appellant made such an appearance, the record before us fails to reveal it. The circuit clerk's and court reporter's certificates reflect we have the full record. In addition, the Attorney General's office has not requested remand of this cause so the record can be settled. As a consequence, we can only speculate that a hearing was held on January 11, 1988, and that the trial court may have considered appellant's request for an attorney. Of course, if such a hearing occurred, the trial court, at the same time it considered appellant's request, may have warned the appellant concerning his rights and the advantages and disadvantages of proceeding *pro se*. Nevertheless, since the state does not question the record, I presume this court has all of it. That being the case, I join in the decision reached by the majority.