Carolyn Jean MURDOCK *v.* STATE of Arkansas

CR 86-122                                    722 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered January 12, 1987

*Grant & Berry*, by: *Sandra T. Berry*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of Theft of Property and Theft by Receiving. The trial court reduced the Theft by Receiving conviction to a misdemeanor and sen-

tenced her to one year in the county jail. She was sentenced to 10 years on the Theft of Property conviction with the sentence to run consecutively to the one year in jail. The Court of Appeals affirmed by a tie vote. We granted a petition for review of that decision.

The sole argument on appeal is that the appellant was not afforded the assistance of counsel as required by the Sixth Amendment to the United States Constitution. We agree with the argument and reverse and remand for a new trial.

On the day of appellant's trial she appeared in court with her retained counsel and informed the court she had terminated her attorney's services. The court then dismissed the attorney. The court inquired as to whether she had new counsel and she replied in the affirmative and stated the new attorney could not be there that day but could be there a week later. The court caused a phone call to be made to this attorney and was informed by the attorney that he did not represent the appellant. The court informed the appellant she was going to trial on that date and gave her through the lunch hour (about 35 minutes) to employ new counsel.

After the noon recess the court again dismissed the attorney of record on both charges. The court also denied appellant's request for time to employ another attorney. The court stated: "Well, you are going to trial Ms. Murdock. If he can be here, fine. If not, we'll try you without him . . . ." The appellant later stated: "Judge, I would like to object to a trial at this time without an attorney." The cases were tried over the continuous objection of the appellant.

We have many times held that an accused cannot be tried without the assistance of an attorney unless such right is voluntarily and intelligently waived. *Philyaw* v. *State*, 288 Ark. 237, 703 S.W.2d 459 (1986); *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980); and *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975). In *Philyaw* we adopted the ruling of *Tollett* v. *United States*, 444 F.2d 622 (8th Cir. 1971). *Philyaw* held that where an accused appears with retained counsel, the trial judge should not allow the retained counsel to withdraw until:

(1) new counsel has been retained; or

(2) a showing of indigency has been made and counsel has

been appointed; or

(3) a voluntary and intelligent waiver of the right to counsel is established on the record.

The trial court did not comply with any of these alternatives and instead proceeded to try the defendant without the assistance of counsel. We are aware that the *Philyaw* opinion was decided after the trial court had ruled in the present case. However, the Constitutional right to defense counsel is as old as the Sixth Amendment (December 15, 1791). Addressing the trial court's responsibilities in this area in *Johnson* v. *Zerbst*, 304 U.S. 458 (1938), the United States Supreme Court per Justice Black stated:

The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record. [304 U.S. 465]

In *Thorne*, supra, the trial court allowed the public defender to withdraw from the case on the day of the trial. A request for a continuance was denied. The court proceeded to trial with Mr. Thorne representing himself. He was convicted. He appealed and we reversed. We held that it was an abuse of the trial court's discretion to force an accused to trial, over his objection, on the same day his counsel of record was allowed to withdraw. Certainly there is no hard and fast rule on when a refusal to grant a continuance will amount to an abuse of discretion. Some of the factors to be considered are enumerated in *Thorne* at page 561.

The Sixth Amendment is but one of many safeguards the people of the United States have deemed necessary to insure the fundamental rights of life and liberty. If this right to counsel is lost then justice may not be done. The average person does not

possess the legal skills and training necessary to defend himself before a court which has the power to take life or liberty from him. Moreover, the state is almost always represented by learned and skilled lawyers. The right to counsel is of little value if it may be waived or forfeited through the ignorance of the accused. If the right to counsel is waived, a voluntary and intelligent waiver must appear upon the record. We have long considered a fundamental tenet of our system of justice to be the requirement that the trial court must see that the right to counsel is carefully guarded. *Johnson* v. *Zerbst*, 304 U.S. 458 (1938); *Gideon* v. *Wainwright*, 372 U.S. 335 (1963); and *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975).

Under the facts of the present case, the trial court should not have released retained counsel if the trial was to be held on that same day. Finding no intelligent waiver of the right to counsel, we reverse and remand for a new trial.

Reversed and remanded.

GLAZE, J., not participating.