Garland Maurice GIBSON *v.* STATE of Arkansas

CR 89-6                                                    764 S.W.2d 617

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Landers and Shepherd*, by: *Michael R. Landers*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Garland M. Gibson brings this appeal from his conviction for aggravated robbery and burglary. He received a five year sentence for the burglary conviction and a fifteen year sentence for the robbery, the sentences to be served consecutively. The single point for reversal is that the trial court erred in denying Gibson's motion for a new trial. A new trial was sought because Gibson was not represented by counsel at any stage of the criminal proceedings, nor did he knowingly and intelligently waive his right to counsel. After reviewing the arguments on appeal, we reverse the trial court.

The Sixth and Fourteenth Amendments to our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. *Faretta v. California*, 422 U.S. 806 (1975); *Powell v. Alabama*, 287 U.S. 45 (1932); *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

■ In *Faretta* v. *California, supra,* the United States Supreme Court held that before an accused manages his own defense he must first "knowingly and intelligently" waive the right to counsel. Furthermore, the trial court maintains a weighty responsibility in determining whether an accused has "knowingly and intelligently" waived this right. *Johnson* v. *Zerbst, supra; Murdock* v. *State,* 291 Ark. 8, 722 S.W.2d 268 (1987). Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights. *Brewer* v. *Williams,* 430 U.S. 387 (1977); *Philyaw* v. *State,* 288 Ark. 237, 704 S.W.2d 608 (1986).

■ Determining whether an intelligent waiver of the right to counsel has been made depends in each case upon the particular facts and circumstances, including the background, the experience and conduct of the accused. *Johnson* v. *Zerbst, supra.* The facts of this case reveal that on December 16, 1986, Mr. Gibson was arrested for the robbery and burglary of O.W. Stone. While in police custody Gibson signed two Miranda rights forms before giving a statement on December 17, 1986. On December 18, 1986, Gibson appeared before the trial judge. At this time Gibson was informed of the charges against him and, upon the preliminary determination of indigency, the trial court appointed Murray Armstrong as his attorney. Mr. Armstrong met with Gibson, and after discovering that Gibson was gainfully employed, he filed a motion to withdraw as counsel which was granted. Thus, Armstrong was relieved as Gibson's attorney without ever having acted in his defense.

On August 31, 1987, the trial judge set a trial date for November 2, 1987, and informed Gibson as follows:

The Court:

Alright, Now it's important sir that you get you an attorney. Do you understand?

The Defendant:

Yes, sir. I understand.

Yet on November 2, 1987, Gibson again appeared without counsel and went into chambers with the judge and attorneys for two co-defendants. The attorney for the co-defendants filed

motions for continuance and severance, but the trial judge decided to try Gibson. The following exchange in chambers occurred:

The Court:

Alright. Okay. Now Mr. Gibson do you have your attorney with you this morning, sir?

The Defendant:

No, I don't.

The Court:

Alright, sir. You don't plan to get one. Is that right, sir?

The Defendant:

No.

The Court:

Okay. You want to try this man Mr. Gibson? [Addressing Mr. John Frank Gibson, the prosecuting attorney].

Mr. Gibson:

Yes, Your Honor.

To establish a voluntary and intelligent waiver, the trial judge must explain to the accused that he is entitled as a matter of law to an attorney and question him to see if he can afford to hire counsel. The judge must also explain the desirability of having the assistance of an attorney during the trial and the drawbacks of not having an attorney. The last requirement is especially important since a party appearing *pro se* is responsible for any mistakes he makes in the conduct of his trial and receives no special consideration on appeal. *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). Recently, the United States Supreme Court in *Patterson* v. *Illinois*, ___ U.S. ___, 108 S.Ct. 2389, 10 L.Ed.2d 261 (1988), held that the constitutional minimum for a knowing and intelligent waiver of the right to counsel requires that the accused be made sufficiently aware of his right to have counsel present *and of the possible consequences of a decision to forego the aid of*

*counsel.*

■ The trial judge complied with the requirement of advising Gibson that he had a right to counsel, and the trial judge briefly appointed counsel. Later, upon further inquiry into Gibson's financial status, the trial court relieved the appointed counsel. Admittedly, Gibson was aware of his right to counsel, and arguably realized in general the importance of obtaining a lawyer. However, at no time did the trial judge determine that Gibson made an intelligent waiver, by explaining the risks or the consequences of proceeding without counsel. From an examination of the facts and circumstances surrounding this case, it is clear that Gibson did not have the benefit of counsel at any critical stage in the criminal proceedings against him and did not waive his right to counsel. At the August 31 hearing Gibson appeared without counsel, as well as on the date of the trial, November 2nd. On November 2nd, Gibson, who had not been previously arrested and had only attended two years of college, was required to represent himself in a suppression hearing and a jury trial.

■ Although it is left to the sound discretion of the trial judge whether to grant a new trial, he may be reversed when there is an abuse of discretion or manifest prejudice to the complaining party. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1985). We must reverse the trial judge in order to avoid manifest prejudice and injustice to the appellant who failed to receive warning of the consequences of foregoing counsel. An accused is entitled to relief from a conviction whenever the proceedings indicate the unfairness of trial without the help of a lawyer. *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986); *McIntyre* v. *State*, 242 Ark. 229, 412 S.W.2d 826 (1967).

Reversed and remanded.