Thomas Lee DEERE *v.* STATE of Arkansas

CR 89-152                                        785 S.W.2d 31

Supreme Court of Arkansas
Opinion delivered March 5, 1990

*Morris & Hodge Lawyers*, by: *Henry C. Morris, Esq.*, for appellant.

*Steve Clark*, Att'y Gen., by: *John David Harris*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant, Thomas Lee Deere, upon conviction of two counts of burglary, was sentenced to consecutive terms of thirty years and ten years. In addition, he

was sentenced to thirty years on another burglary count and thirty years for the sale of a controlled substance; both sentences were to run concurrently with the others.

The thirty-seven year old appellant's educational background consists of eight grades of formal schooling, a General Education Certificate, two years of vocational training, as well as considerable practical education from four previous criminal trials, in one of which he represented himself.

At a pretrial hearing, the appellant expressed a desire to represent himself, although he was offered appointed counsel, and counsel was in fact appointed to assist him at his request. At the pretrial hearing the following exchange occurred between the appellant and the trial court:

> THE COURT: Mr. Deere, I understand through your attorney that you wish to represent yourself, is that true?
>
> MR. DEERE: Yes, sir.
>
> THE COURT: Do you feel like you're competent to do that?
>
> MR. DEERE: Yes, sir.
>
> THE COURT: You have the absolute constitutional right to an attorney, and you have one, but also, you have the absolute constitutional right to represent yourself if you're competent to do so. I know you've been through the criminal justice mill just about every way you probably can. You've probably been through several trials haven't you?
>
> MR. DEERE: Yes, sir.
>
> THE COURT: How many trials would you say you've been through?
>
> MR. DEERE: Four.

***

> THE COURT: Did you have lawyers?
>
> MR. DEERE: In all of them but one.

THE COURT: I know one of them you had here; you were acquitted. . . .

MR. DEERE: Yes, sir. I had two jury trials here and one in Texarkana. I represented myself in the Eighth Circuit Court in Pine Bluff.

THE COURT: How about your education, what kind of education do you have?

MR. DEERE: I got a GED, and I got two years of vo-tech.

THE COURT: Do you have any mental problems, learning disabilities, or anything like that?

MR. DEERE: No.

THE COURT: Do you feel comfortable representing yourself?

MR. DEERE: Yes, sir, I do.

THE COURT: Do you understand all the pitfalls? You probably don't have any understanding of the twenty-eight exceptions of the hearsay rule and all sorts of things like that you wouldn't know anything about.

MR. DEERE: All I can really ask for at this time is I got a couple of motions to file, but I would like to have a little bit of time to go over the evidence. . . .

THE COURT: Do you want Mr. Cooper to be standby counsel and help you?

MR. DEERE: Yes, sir, I do.

THE COURT: But you don't want him to represent you, you just want him to be there, is that what you want?

MR. DEERE: Yes, sir, just as a guide.

(T. 52-55)

Thereafter, subsequent to a hearing on the motions, the following dialogue ensued:

THE COURT: Now, Mr. Deere, you've been through these motions, and you understand how difficult it is for you not having any legal knowledge, but you appear to me

to be competent. I'm going to allow you to continue representing yourself if you feel that's what you want to do.

MR. DEERE: Yes, sir, that is what I want to do.

THE COURT: There's some advantages. You can bring things out that you probably couldn't when you weren't representing yourself through your opening statement and closing argument, but the downside is that you don't know a whole lot about the rules of evidence.

MR. DEERE: Yes, sir. I just got a book yesterday on the rules of evidence. . . . I'm ready today if they want to go ahead today. I'm ready for them.

THE COURT: Well, I just want to make sure that you know what you're doing when you represent yourself. I'm going to let you do it, because I think you're competent to do so. Do you understand all the dangers of representing yourself?

MR. DEERE: I'll go ahead and wait until Wednesday. I need to do a little reading and research, but I'll be ready Wednesday.

THE COURT: I find you competent to represent yourself.

(T. 98-99)

After conviction and sentencing, the appellant expressed a desire to appeal, and his present attorney was appointed to prepare this appeal. Four points for reversal are stated but none have merit, and the conviction is affirmed on all counts.

■ Rule 11(h) of the Rules of the Supreme Court, dealing with non-meritorious appeals, provides:

> Any motion by counsel for a defendant in a criminal case for permission to withdraw made after notice of appeal has been given shall be addressed to this court, shall contain a statement of the reason for the request, and shall be served upon the defendant appealing. A request to withdraw on grounds that the appeal is wholly without merit shall be accompanied by a brief referring to anything in the record that might arguably support the appeal, together with a list of all objections made by the appellant

and overruled by the court, and all motions and requests made by the appellant and denied by the court, accompanied by a statement as to the reason counsel considers that the points thus raised would not arguably support the appeal. The brief may be typewritten if counsel is representing an indigent person by appointment, as in other cases. The Clerk of this court shall furnish the appellant with a copy of his counsel's brief, and advise the appellant that he has 30 days within which to raise any points that he chooses and that this may be done in typewritten or hand-printed form and accompanied by his affidavit that he has not received any assistance from any inmate of the Department of Correction or of any other place of incarceration in the preparation of this response. The Clerk shall see that such responses by an appellant are served on the Attorney General who shall proceed to file his brief on behalf of the state pursuant to sections [subsections] (f) and (g) of this rule within 30 days after such service and to serve a copy of his brief on the appellant as well as on appellant's counsel. After a reply brief has been filed or after the time for filing such a brief has expired, the motion for withdrawal shall be submitted to the court as other motions are submitted. If, upon consideration of the motion, it shall appear to the court that the judgment of the trial court should be affirmed or reversed, the court may take such action on its own motion, without any supporting opinion.

The appellate counsel on the one hand admits there is no merit to this appeal and moves to withdraw as counsel, but at the same time he fails to comply with the requirements of Rule 11(h). Counsel has stated that he has written his brief "in the spirit of, (if not in actual compliance with), the concept of an *Anders* brief." However, he has neglected to refer to anything in the record supportive of an appeal or to supply a list of the appellant's objections and motions. Instead, he raises two issues not addressed at the trial court level. We are unable to consider them.

It is well-settled law that an accused may make a voluntary, knowing, and intelligent waiver of his constitutional right to the assistance of counsel in his defense. *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). In order to effectively waive the right to counsel, the accused must be made aware of the

dangers and disadvantages of self-representation, must know what he is doing and thus make his choice with "eyes open." *Faretta* v. *California*, 422 U.S. 806 (1975). We are convinced that this thirty-seven year old accused was properly advised not only of his right to counsel, but also of the dangers inherent in self-representation. With such knowledge, the appellant made his own choice. Though counsel was appointed for him and remained present throughout the trial, the appellant elected neither to seek his assistance nor to employ him in the course of the proceedings.

The appellant and his present court-appointed appellate counsel cannot complain that the trial court should have directed the court-appointed trial counsel to be more aggressive in rendering assistance. The state may not force a defendant to accept counsel against his will or deny his request to conduct his own defense. *Nichols* v. *State*, 273 Ark. 466, 620 S.W.2d 942 (1981).

The judgment of the lower court is affirmed.

PRICE, J., not participating.