Tim KINCADE *v.* STATE of Arkansas

CR 90-151                                          796 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*Murrey L. Grider*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was tried by a jury and found guilty of delivery of a controlled substance. The Court of Appeals certified the case to this Court as it involves the Sixth Amendment issue of the right to counsel and the interpretation of one of the Arkansas Rules of Criminal Procedure.

The record does not reveal that appellant was arraigned, nor does it reveal that he was asked to give a statement of his financial worth. Further, it does not reveal that he was advised of his right to counsel. His trial was set for March 29, 1988. On that date the court asked appellant if he had an attorney, and appellant responded, "I've talked to one. I haven't retained him yet. I've got to pay him before he's . . . ." The trial court interrupted him at

that point and reset the case for August 1, 1988, but instructed him to return to court on May 24 and state whom he had employed as counsel. The appellant did not appear on May 24. On August 1, 1988, the date set for trial, the appellant appeared in court without an attorney, stated that he had discussed his case with two attorneys, and twice stated that he could not afford to hire an attorney. The court asked if appellant worked. The appellant responded, "Yes sir, every day." He added that he had just closed his business because of debt. No inquiry was made into his wages, his assets, his liabilities, or his accessibility to loans. Appellant volunteered that he had a car, and that was the only thing he had to sell. He was not asked about the equity, if any, he had in the car.

The court set a new trial date for October 24, 1988, but instructed appellant to return to court on August 31, to report what efforts he had made to hire an attorney and to disclose his financial worth. On August 31, the appellant appeared and reported that he had talked to a third attorney and "through borrowing and this and that and the other I've got just about enough and by the end of next week I'll have his fee paid, so I guess he'll be representing me." Appellant was not asked about his income or net worth, accessibility to loans, or other money. The case was set for November 1, but was then reset for February 21, 1989. On February 21, the appellant appeared without counsel and was not questioned further about it. The trial court ordered the trial to proceed with appellant representing himself. The trial court did appoint standby counsel to answer any questions appellant might have.

The Sixth and Fourteenth Amendments to the Constitution of the United States guarantee that any person brought to trial in any state or federal court must be afforded the fundamental right to assistance of counsel before he can be validly convicted and punished by imprisonment. *Faretta* v. *California*, 422 U.S. 806 (1975); *Gibson* v. *State*, 298 Ark. 43, 764 S.W.2d 617 (1989). Before an accused manages his own defense he must knowingly and intelligently waive the right to counsel. *Faretta* v. *California, id.*; *Gibson* v. *State, id.* Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights. *Brewer* v. *Williams*, 430 U.S. 387 (1977); *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608

(1986). The burden is on the government to clearly demonstrate a waiver of counsel. *Carnley* v. *Cochran*, 369 U.S. 506 (1962); *Philyaw* v. *State*, id. A trial court must inquire of an accused's ability to retain counsel, and, if the accused is an indigent, counsel must be appointed for him. A.R.Cr.P. Rule 8.2. This provision is to insure compliance with the constitutional mandates. *See* comment to rule.

As the statement of fact shows, there was no inquiry into the appellant's ability to retain counsel as required by A.R.Cr.P. Rule 8.2(a), and as recommended by the Bench Book for Arkansas Judges (criminal cases) § 5.10(4). When asked why he did not have an attorney, appellant stated that he could not afford to hire one. At that juncture, the trial court was under a duty to make further inquiry, by *whatever means appropriate*, into appellant's financial condition in order to satisfactorily determine whether he could, in fact, hire an attorney. *United States* v. *Cohen*, 419 F.2d 1124 (8th Cir. 1969), citing *Wood* v. *United States*, 389 U.S. 20 (1967); *Philyaw* v. *State, id.* (The cited federal cases rely upon a federal statute comparable to A.R.Cr.P. Rule 8.2.) The trial court did not inquire into his ability to employ an attorney, and forced the appellant to represent himself. "Forcing a criminal defendant to go to trial pro se without conducting an appropriate inquiry into his financial ability to afford counsel constitutes a denial of that defendant's Sixth Amendment right to counsel." *United States* v. *Barcelon*, 833 F.2d 894, 896-97 (10th Cir. 1987), citing *United States* v. *Cohen*, 419 F.2d 1124 (8th Cir. 1969). No showing of prejudice is necessary when a trial court erroneously denies appointment of counsel altogether because prejudice to the defendant is presumed. *Penson* v. *Ohio*, 488 U.S. 75 (1988).

The appellant assigns as a second point of error an improper question by the prosecutor. We need not address the matter as it is not likely to arise again upon retrial.

Reversed and remanded.