Tommy L. BRYANT *v.* STATE of Arkansas

CR 90-204                                        803 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered February 18, 1991

*Henry H. Boyce*, for appellant.

*Ron Fields*, Att'y Gen., by: *Sandra Bailey Moll,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Tommy Bryant was convicted of the offenses of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. He was sentenced to a total of eighty (80) years in prison. We affirm the judgments of conviction. Since sufficiency of the evidence is not questioned, we need not recite the details of the crimes.

Appellant first contends that the trial court erred in refusing to grant his motion for a continuance. The trial court correctly ruled that, after three and one-half years of continuances, the public interest required that appellant's case be tried.

Appellant was arrested on December 6, 1986, and was immediately released on bond. Soon afterwards he employed John Henry, of Harrisburg, as counsel. On January 7, 1987, appellant, through counsel, moved for a continuance. It was granted. On April 6, 1987, appellant was granted a second continuance. On September 21, 1987, appellant asked for a mental examination. That motion was granted. On December 4, 1987, appellant moved for another continuance. It was granted. On February 8, 1988, he was granted another continuance. On July 11, 1988, he was granted a continuance. On July 22, 1988, he moved for another mental examination, and that motion was also granted. On September 22, 1988, another continuance was granted at appellant's request. Appellant requested, and was granted even another continuance. On May 22, 1989, the appellant discharged his attorney and another continuance was granted. The trial court subsequently appointed Joe James, of Newport, as appellant's counsel, but soon allowed Mr. James to withdraw because of a conflict of interest between appellant and another of James's clients. The trial court then appointed Phillip Hout, of Newport, as attorney for appellant. On September 7, 1989, another continuance was granted. The trial court allowed Phillip Hout to withdraw because of differences and lack of communication with appellant. Henry Boyce, of Newport, was then appointed to represent appellant. On February 17, and March 16, 1990, additional continuances were granted on appellant's motions. The trial court set June 4, 1990, as the trial date.

On two occasions in the month before the scheduled trial, Mr. Boyce tried to talk to the appellant about his defense, but the appellant refused to talk to him. Boyce gave appellant a copy of his file. On the morning of trial the appellant again refused to talk to Boyce. At that point the trial court told the appellant that the trial was going to start that morning regardless of whether he talked to his attorney. The trial court asked the appellant if he wanted a short recess in order to talk to his attorney. The appellant again apparently refused to talk to his attorney and, instead, requested a continuance in order to hire an

attorney. The judge asked where he would get the money, and appellant responded he would borrow it from his family. The trial court refused the motion, and the trial commenced. Appellant contends the trial court's ruling denying another continuance was reversible error.

On numerous occasions we have pointed out that the right to employ counsel of one's choosing is not a license to subvert or manipulate or obstruct the effective administration of justice. *See, e.g., Clay v. State,* 290 Ark. 54, 716 S.W.2d 751 (1986). On one occasion we said an accused may not play a "cat and mouse game with the court" in choosing a new lawyer on the eve of a trial. *Tyler v. State,* 265 Ark. 822, 828-9, 581 S.W.2d 328, 331 (1979). Clearly, that is what appellant was seeking to do. The trial court correctly ruled that, after three and one-half years, it was time for a trial.

■ The appellant also argues that the trial court did not give counsel adequate time to prepare his defense since the trial court only allowed him a few minutes visitation on the morning of the trial. If counsel was unable to prepare for trial effectively, it was not counsel's fault, but instead, was wholly the fault of appellant. Not every restriction on counsel's time to consult with his client violates an accused's sixth amendment right to counsel. *Morris v. Slappy,* 461 U.S. 1 (1983). Trial judges are responsible for assembling the accused, the lawyers, the jurors, the witnesses, and the court personnel at the same place and same time for the trial, and, once this process is set in motion, continuances should be granted only for compelling reasons. *See Ungar v. Sarafite,* 376 U.S. 575 (1964). An accused's persistent, senseless, and contumacious refusal to assist his attorney in the preparation of his own defense is not a compelling reason for a continuance at the moment of trial. *Morris v. Slappy, supra.* Accordingly, the trial court did not err in refusing to give more than a few minutes delay in beginning the case.

Appellant's final point of appeal concerns voir dire. The facts leading to the point are as follows. The State filed a motion stating that, in its case-in-chief, it would seek to show evidence of other deliveries of drugs in order to prove intent to deliver in this case. *See Watson v. State,* 291 Ark. 358, 724 S.W.2d 478 (1987) and *Lincoln v. State,* 285 Ark. 107, 685 S.W.2d 166 (1985). The

State additionally submitted a proposed cautionary instruction. Subsequently, during voir dire, the following took place:

Mr. Stallcup [Prosecuting Attorney]:

> Because of this problem in this type of case in proving intent, the law is going to allow me to show in a limited extent the defendant's past history. And I'm going to put on proof that this defendant has two prior felony convictions.

> *BY MR. BOYCE*: Objection, Your Honor.

> *BY THE COURT*: Overruled.

> That this defendant has two prior felony convictions for delivery of a controlled substance. And that evidence is going to be offered not to prejudice you against the defendant, but to show what his intent was on the date in question as a circumstance for you to consider. But I'm sure y'all understand that, you know, when I, after I put on that kind of proof that I still have the burden of proof to prove this case beyond a reasonable doubt and that the two prior felony convictions for delivery for this defendant are just so you can infer his intent on the date in question. Everybody follow that pretty well?

The appellant now appeals the ruling.

A.R.E. Rule 103(a)(1) requires that a timely objection appear of record, stating the specific ground of the objection if the specific ground is not apparent from its context. Here, a specific ground was not stated, and none is apparent from the context of the question, so we treat the objection as going to relevance and the general purposes of voir dire.

▪ The purpose of voir dire examination is (1) to discover if there is any basis for challenge for cause, and (2) to gain knowledge for the intelligent exercise of peremptory challenges. A.R.Cr.P. Rule 32.2. The extent and scope of voir dire is generally within the sound discretion of the trial court. *Sanders* v. *State*, 278 Ark. 420, 646 S.W.2d 14 (1983). Unless the trial court clearly abused its discretion, in allowing voir dire, we will not reverse. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). Here, there was no argument that the question was a mere

subterfuge to prejudice the jury, or that it was not asked in good faith. The question was not outside the scope of relevant voir dire, and accordingly, we will not reverse.

 In this Court, appellant argues that the question should not have been allowed under a Rule 403 type of weighing. That argument was not made to the trial court, and we will not consider it for the first time on appeal.

Affirmed.