Maxim Keith DANIELS *v.* STATE of Arkansas

CR 94-1340                                    908 S.W.2d 638

Supreme Court of Arkansas
Opinion delivered November 6, 1995

368

*James Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Maxim Keith Daniels was convicted of seven counts of commercial burglary, one count of attempted commercial burglary, and five counts of theft of property. He was sentenced to forty years imprisonment in the Arkansas Department of Correction. Daniels raises seven points on appeal; the state concedes error regarding Daniels' decision to represent himself at trial. We reverse and remand for a new trial.

On October 17, 1993, a string of burglaries occurred on a two and one-half mile stretch of Highway 7 near Russelville. There was an attempted burglary of D & D Imports, and the Ozark Heritage Craft Center, Tropical Gardens, Arkansas Shoe Center, Kilburn's Grocery, Carter's Grocery, Bright's Heating and Air, and the VFW Club were all burglarized. The appellant was apprehended while attempting to open a safe in the VFW Club. Property taken from five of the businesses was recovered in the appellant's vehicle and his motel room.

Two of the appellant's points on appeal concern his decision to represent himself and his conduct in that endeavor. On May 9, 1994, the day of trial, appellant's counsel informed the trial court that the appellant either wanted to obtain other counsel or wanted to represent himself. Consequently, the appellant requested a continuance. Defense counsel stated that the appellant was concerned because a third amended information filed four days before

trial added the charge of felon in possession of a firearm. The appellant also complained of other changes in the amended information, requested a "full evidentiary hearing" to learn the evidence the state would present, and expressed dissatisfaction with his counsel. The trial court determined the felon in possession charge would not be tried, and defense counsel informed the trial court he was prepared to go to trial on the case. The trial court advised the appellant that he had "shown me nothing as to why I should relieve Mr. Gibbons as your attorney" and informed the appellant that he would not grant a continuance.

The trial court then inquired several times whether the appellant wanted his attorney to represent him, and the appellant repeatedly responded he wanted time to prepare for the case. Ultimately, the appellant stated, "I want to represent myself, but I want a continuance. I haven't had time to prepare." The trial judge stated the continuance was denied, and he informed the appellant that if he went into the courtroom and "put on a show" the trial would go on without his presence. The appellant said, "All I want is to represent myself."

The trial court instructed the appellant that "I think it is a mistake not having Mr. Gibbons with you there, but that's your decision." The appellant elected to represent himself. Subsequently, the trial court stated that "there are procedures that we are going to follow that I suppose you don't understand in selecting a jury." The appellant responded by stating, "That's another thing that I need. I need time." The trial judge concluded the case would go to trial, and he informed the appellant that his counsel would remain available.

After the jury was selected, the state called its first witness, Ray Caldwell. The following exchange then occurred:

PROSECUTOR: Would you please state your name?

WITNESS: Ray Caldwell.

MR. DANIELS: So, you're just going to railroad me regardless.

THE COURT: You're going to the jail if you disrupt this trial.

. . . .

MR. DANIELS: I'd rather go back to the jail and y'all can have a trial and do what you're going to do in the first place.

THE COURT: No, I'm giving you the option of sitting here and listening to this trial.

MR. DANIELS: No, send me back to the jail.

THE COURT: I will if you disrupt the trial.

MR. DANIELS: Okay. Just send me back then.

THE COURT: I'm not until you disrupt this trial. Now, we are going to proceed with it.

MR. DANIELS: Well, what do I have to do to go back there? You're going to railroad me regardless.

. . . .

MR. DANIELS: Just send me back to jail.

THE COURT: That's your choice.

MR. DANIELS: Okay.

THE COURT: Do you want to go?

MR. DANIELS: Okay, yeah, yeah.

THE COURT: I'm not going to send you to the jail. I'm going to put you in the jury room back here and I'm going to check and see if you want to come back into the Court.

MR. DANIELS: No, I don't, no.

THE COURT: You're going to the jury room right now. Take him back there.

MR. DANIELS: Will someone please call federal investigators.

After the appellant was removed from the courtroom, the judge allowed the trial to proceed with appellant in the jury room; his former counsel, Mr. Gibbons, remained in the judge's chambers.

The appellant asserts the trial court erred in excluding him from the courtroom, failing to require counsel to participate in the appellant's absence, and failing to grant a continuance. At trial appellant did not object to his exclusion from the courtroom, nor did he ask that his counsel come back and participate in his absence. In fact, the colloquy between appellant and the trial court reflects that he asked to be sent back to the jail. He also stated, before he was removed from the courtroom, that he did not want Mr. Gibbons to even be available at the counsel table with him. However, these events transpired after appellant's counsel was dismissed and while appellant was attempting to represent himself. The state thus concedes the trial court erred by allowing the appellant to proceed *pro se* without ensuring that the appellant knowingly and intelligently waived his right to counsel.

■ The Sixth and Fourteenth Amendments to the Constitution of the United States guarantee that any person brought to trial in any state or federal court must be afforded the fundamental right to assistance of counsel before he can be validly convicted and punished by imprisonment. *Faretta* v. *California*, 422 U.S. 806 (1975); *Kincade* v. *State*, 303 Ark. 331, 796 S.W.2d 580 (1990). It is well established that an accused may make a voluntary, knowing, and intelligent waiver of his constitutional right to the assistance of counsel in his defense. *Deere* v. *State*, 301 Ark. 505, 785 S.W.2d 31 (1990). However, every reasonable presumption must be indulged against the waiver of fundamental constitutional rights. *Kincade* v. *State, supra*; *Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). The burden is upon the state to show that an accused voluntarily and intelligently waived his fundamental right to the assistance of counsel. *Scott* v. *State*, 298 Ark. 214, 766 S.W.2d 428 (1989).

■■ In *Faretta* v. *California, supra*, the United States Supreme Court stated that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" (quoting *Adams* v. *United States ex rel. McCann*, 317 U.S. 269 (1942)). In *Gibson* v. *State*, 298 Ark. 43, 764 S.W.2d 617, *cert. denied* 491 U.S. 910 (1989), we relied upon *Patterson* v. *Illinois*, 487 U.S. 285 (1988),

to conclude that the constitutional minimum for a knowing and intelligent waiver of the right to counsel requires that the accused be made sufficiently aware of his right to have counsel present and of the possible consequences of a decision to forego the aid of counsel. Further, we have stated that determining whether an intelligent waiver of the right to counsel has been made depends in each case upon the particular facts and circumstances, including the background, the experience and conduct of the accused. *Gibson* v. *State, supra.* To establish a voluntary and intelligent waiver, the trial judge must explain to the accused that he is entitled as a matter of law to an attorney and question him to see if he can afford to hire counsel. *Id.* The judge must also explain the desirability of having the assistance of an attorney during the trial and the drawbacks of not having an attorney. *Id.* The last requirement is especially important since a party appearing *pro se* is responsible for any mistakes he makes in the conduct of his trial and receives no special consideration on appeal. *Id.*

■ The appellant was not represented by counsel at his trial and there is no showing on the record that he knowingly and intelligently waived this right. The trial court commented that the appellant appeared to be well versed in the law; however, no real inquiry was made. In fact, the state concedes there was no inquiry. The trial court did not explain the risks or the consequences of proceeding without counsel. *See Gibson* v. *State, supra*; *Murdock* v. *State*, 291 Ark. 8, 722 S.W.2d 268 (1986). Accordingly, we hold the trial court erred by allowing the appellant to represent himself without making a proper inquiry as required by *Faretta* v. *California, supra.*

Because we reverse and remand for a new trial, it is not necessary to address all of the appellant's remaining arguments as they are unlikely to arise in a subsequent trial. However, we discuss two of the other points of appeal as these issues will likely arise on retrial.

The appellant asserts the use of three prior felony convictions for enhancement purposes constitutes reversible error. The appellant contends state's exhibits one and two consist of records from Kentucky and Tennessee penal institutions, but there are no certificates by the wardens, there are no fingerprints, and there are no certified copies of the judgments of conviction. The appel-

lant asserts state's exhibit three purports to be a certified copy of a Kansas conviction for burglary; however, the appellant contends the certification is suspect because the seal is dated 1961 and is in a place other than the area designated for the seal. In sum, the appellant submits the state failed to establish proof of the convictions as required by Ark. Code Ann. § 5-4-504 (Repl. 1993).

Section 5-4-504(a) provides that for sentencing enhancement purposes a previous conviction or finding of guilt of a felony may be proved *by any evidence that satisfies the trial court beyond a reasonable doubt the defendant was convicted or found guilty.* Ark. Code Ann. § 5-4-504 (Repl. 1993) (emphasis added); *Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994). Subsection (b) of the statute provides further:

> (b)  The following are sufficient to support a finding of a prior conviction or finding of guilt:
>
> (1)  A certified copy of the record of a previous conviction or finding of guilt by a court of record;
>
> (2)  A certificate of the warden or other chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant as they appear in the records of his office; or
>
> (3)  A certificate of the chief custodian of the records of the United States Department of Justice, containing the names and fingerprints of the defendant as they appear in the records of his office.

We have recognized that the original commentary to the section provides: "The Commission wished to make clear the fact that the state may prove a previous felony conviction by means other than introduction of the certificates described in the statute." *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994).

The appellant simply argues that the state failed to establish the requisite proof because it failed to comply with § 5-4-504(a) or (b)(2); there is no suggestion whatever that the proof presented did not correctly reflect the judgments in the earlier cases in which the appellant was convicted. *See Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994). The state sufficiently

proved the three prior convictions, therefore this argument is without merit. *See Williams* v. *State*, 304 Ark. 279, 801 S.W.2d 296 (1990).

■ The appellant also contends that Ark. Code Ann. § 16-97-101 (Supp. 1993), bifurcated sentencing procedures, does not apply to habitual offender situations and that it was error under Ark. Code Ann. § 5-4-502 (Repl. 1993) to allow testimony and argument during the sentencing phase. We have recognized that under the bifurcation structure, a criminal trial is split into separate and distinct stages, the first of which involves the finding of guilt or innocence. *Hill* v. *State*, 318 Ark. 408, 887 S.W.2d 275 (1994); Ark. Code Ann. § 16-97-101 (Supp. 1993). In the event of a finding of guilt, further proceedings are held in which evidence may be presented prior to the setting of sentence. *Hill* v. *State, supra*; § 16-97-101. Finally, Ark. Code Ann. § 16-97-104 (Supp. 1993) specifically provides: "Proof of prior convictions, both felony and misdemeanor, and proof of juvenile adjudications shall follow the procedures outlined in §§ 5-4-502 – 5-4-504." Clearly, the bifurcated procedures outlined in Ark. Code Ann. §§ 16-97-101 – 16-97-104 (Supp. 1993) are applicable to cases involving an alleged habitual offender; appellant's argument therefore is without merit.

Reversed and remanded for new trial.

JESSON, C.J., and GLAZE, J., concur.

TOM GLAZE, Justice, concurring. The state concedes error, pointing out that the trial court failed to ensure the appellant knowingly and intelligently waived assistance of counsel. I write to emphasize that the trial court exercised considerable patience and restraint when dealing with appellant's obstreperous conduct on the day of trial. Appellant terminated his counsel the day of trial, and giving no sound reasons, demanded a continuance, which the trial judge denied. Appellant became uncooperative and belligerent, even to the extent that, in open court and before the prospective jury panel, he voiced he was being railroaded. Nothing substantiated such a remark.

Although the trial judge had every right to remove the appellant from the courtroom because of appellant's disruptive conduct, the judge was still required to ensure appellant knowingly and

intelligently waived counsel, once appellant terminated counsel and chose to represent himself. I wish to make it clear that, in this case, the trial judge would have been justified in denying the appellant's continuance request, but still require the appellant to proceed with counsel, *Bryant* v. *State*, 304 Ark. 514, 803 S.W.2d 546 (1991), or even without counsel, once his sixth amendment rights were explained as described in *Faretta* v. *California*, 422 U.S. 806 (1975).

JESSON, C.J., joins this concurring opinion.