Thomas C. BEYER *v.* STATE of Arkansas

CR 97-1070                                         962 S.W.2d 751

Supreme Court of Arkansas
Opinion delivered January 29, 1998

*George B. Morton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is an appeal from the Circuit Court of Madison County, Arkansas. The appellant, Thomas C. Beyer, raises two points on appeal. First, he argues that the trial court abused its discretion by denying him counsel at trial. Specifically, Beyer notes that the trial judge (i) removed his public defender one month prior to trial, (ii) failed to sufficiently query him regarding his ability to pay for counsel, (iii) denied his motion for a continuance for the purpose of securing counsel, and

(iv) required that Beyer proceed at trial without counsel over his objection.

█ Secondly, Beyer contends that the trial court abused its discretion by admonishing the jury to disregard any comments concerning Beyer's self-representation at trial. We will not reach the merits of Beyer's second point because this Court has long held that arguments not raised at trial, even constitutional arguments, will not be addressed for the first time on appeal. *Travis v. State*, 328 Ark. 442, 449, 944 S.W.2d 96 (1997) (citing *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997)). However, we find merit in appellant's first point and, accordingly, reverse and remand.

On March 11, 1997, Beyer was convicted of first-degree criminal mischief and sentenced to three-and-one-half years' imprisonment and a $2,500 fine. Several of Beyer's neighbors reported tire damage after running over nails they claimed Beyer had placed in the road. One witness testified that he saw Beyer putting the nails in the road. Beyer was arraigned on July 9, 1996, and, based upon statements contained in his request to proceed *in forma pauperis*, the trial court found Beyer to be indigent and eligible for a public defender. While represented by appointed counsel, Beyer was granted three continuances, postponing the trial date to March 11, 1997. The last of these continuances was granted because Beyer's counsel was ill.

At the pretrial hearing on February 11, 1997, the State requested that the trial court reconsider Beyer's indigent status and eligibility for a public defender. The public defender commented that Beyer had been cooperative with him, stayed in touch with him, and that he would like to continue representing Beyer. After some inquiry regarding Beyer's other pending litigation, his hiring of attorneys relating to those matters, and his personal employment status, the trial judge dismissed Beyer's public defender.

A week before trial, the trial judge denied Beyer's motion for a continuance. Beyer asserted that he needed additional time to find an attorney to represent him. Prior to voir dire on the day of trial, the trial judge noted his reasons for denying Beyer appointed counsel, including Beyer's hiring of attorneys for other matters, a

misstatement on the request to proceed *in forma pauperis* relating to Beyer's ownership of real property, and Beyer's alleged payment for a transcript in a chancery proceeding. Beyer denied paying for the transcript and renewed his objection to proceeding *pro se*.

■ We now address Beyer's first point on appeal, namely, that the trial court abused its discretion by denying Beyer counsel at trial. We also note that the issue on appeal is not whether Beyer was improperly denied court appointed counsel but whether he was improperly denied the benefit of any counsel. The Sixth Amendment to the United States Constitution, made obligatory upon the states by the Due Process Clause of the Fourteenth Amendment, guarantees an accused the right to have the assistance of counsel for his defense. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996); *Philyaw v. State*, 288 Ark. 237, 244, 704 S.W.2d 608 (1986) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)); and *Slaughter & Scott v. State*, 240 Ark. 471, 400 S.W.2d 267 (1966)).

■ ■ Additionally, Article 2, Section 10, of the Arkansas Constitution provides that an accused in a criminal prosecution has the right to be heard by himself and his counsel. *Philyaw*, 288 Ark. at 244 (citing *Barnes v. State*, 258 Ark. 565, 528 S.W.2d 370 (1975)). Moreover, no sentence involving loss of liberty can be imposed where there has been a denial of counsel. *Philyaw*, 288 Ark. at 244 (citing *White v. State*, 277 Ark. 429, 642 S.W.2d 304 (1982)). However, this right to counsel is a personal right and may be waived at the pretrial stage or at trial. *Philyaw*, 288 Ark. at 244 (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938); and *Barnes*, 258 Ark. 565)). *See also Slaughter*, 240 Ark. 471; and *Childs v. State*, 243 Ark. 62, 418 S.W.2d 793 (1967).

A defendant in a criminal case may invoke his right to defend himself pro se provided: (i) the request to waive right to counsel is unequivocal and timely asserted, (ii) there has been a knowing and intelligent waiver of the right to counsel, and (iii) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Philyaw*, 288 Ark. at 245 (citing *Barnes*, 258 Ark. 565)). Significantly, every reasonable presumption must be indulged against the waiver of fundamental constitu-

tional rights. *Philyaw*, 288 Ark. at 244 (citing *Franklin & Reid v. State*, 251 Ark. 223, 471 S.W.2d 760 (1971)).

■ ■ The determination of whether any defendant intelligently waived his right to counsel is dependent upon the particular facts and circumstances of the case. The accused must have full knowledge or adequate warning concerning his rights and a clear intent to relinquish them before a waiver can be found. *Philyaw*, 288 Ark. at 245 (citing *Barnes v. State*). The State carries the burden of demonstrating that Beyer waived his right to counsel. Beyer understood his right to counsel, and there was no clear intent to relinquish that right. Prior to voir dire, he specifically renewed his objection to proceeding *pro se*. In fact, neither party alleged that Beyer intended to voluntarily relinquish his right to counsel. In the absence of evidence indicating that Beyer voluntarily and intelligently waived his counsel, the State failed to meet its burden of proof. *See Philyaw*, 288 Ark. at 246. Therefore, this Court must consider whether Beyer's conduct prevented the fair and orderly exposition of the issues and amounted to a forfeiture of his right to counsel.

■ The concept of forfeiture is intended to ensure that the right to counsel be wielded as a shield and not a sword. Where a defendant's purpose is to delay the trial or play "cat-and-mouse" with the court, a trial court may properly find that the defendant has forfeited his right to counsel. In *Brooks v. State*, 36 Ark. App. 40, 819 S.W.2d 288 (1991), the appellant discharged his counsel several weeks before trial with no indication that his sole purpose was to obtain a subsequent continuance. When the appellant later requested appointment of counsel and made motion for a continuance to obtain the presence of witnesses, the Arkansas Court of Appeals held that the record was insufficient to support a finding of an intentional manipulation of the judicial process amounting to a forfeiture of the right to counsel. The instant facts are even more compelling. Beyer's court appointed counsel was discharged by the trial court one month prior to trial. Certainly, the trial court's act cannot be imputed to Beyer as a stall tactic.

In contrast, *Murdock v. State* is an example of the egregious facts that will support denying a motion for a continuance. *Mur-*

*dock v. State*, 18 Ark. App. 228, 712 S.W.2d 321 (1986). The defendant attempted to use a change of lawyers as a device to delay a scheduled trial. On the eve of trial, the defendant fired the attorney who had represented her since 1976 and told the court that she had retained other counsel, which turned out not to be the case. She had already had at least two continuances from the court by changing her pleas. She was familiar with the court system and aware of her right to counsel. Notably, there was no indication in the record that she was indigent, unable to retain counsel, or seeking appointed counsel. Moreover, she had been free on bail for several months and had an opportunity to obtain counsel, and her former attorney was available in court and indicated a willingness to continue as her attorney. She declined his services. The facts in the instant case are not analogous. Absent any conduct by Beyer that evidenced an intent to delay the trial, Beyer was placed in the impossible position of representing himself after his appointed counsel was removed by the trial court, one month prior to trial, and his motion for a continuance was denied.

We can consider the following factors to determine whether a continuance should have been granted to allow Beyer adequate opportunity to employ counsel: (i) whether other continuances have been requested and granted; (ii) the length of the requested delay; (iii) whether the requested delay is for legitimate reasons; (iv) whether the motion for a continuance was timely filed; (v) whether the defendant contributed to the circumstances giving rise to the request for a continuance; (vi) whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; (vii) whether the request is consistent with the fair, efficient, and effective administration of justice; (viii) whether denying the continuance resulted in identifiable prejudice to the defendant's case of a material or substantial nature; and (ix) in the case of a pro se proceeding, where a proper waiver of counsel existed, whether the accused had sufficient time to prepare for his defense. *See Parker v. State*, 18 Ark. App. 252, 259, 715 S.W.2d 210 (1986) (citing *Thorne v. State*, 269 Ark. 556, 601 S.W.2d 886 (1980)). The evidence is not convincing to support the conclusion that Beyer's motion for a continuance was an attempt to postpone his trial date.

The crucial fact remains that the trial judge required Beyer to proceed to trial without benefit of counsel. The record fails to demonstrate that the trial judge adequately questioned Beyer about his financial ability to obtain counsel. In any event, regardless of the court's determination of Beyer's indigent status and eligibility for a public defender, the trial court improperly permitted Beyer to proceed unrepresented by any counsel.

In the absence of waiver or forfeiture of Beyer's right to counsel, the trial judge's decision to deny Beyer counsel at trial was an abuse of the trial court's discretion. The totality of the circumstances presented by this case, coupled with the lack of a meaningful inquiry into the appellant's eligibility for court appointed counsel, compels us to reverse the trial court and remand this cause for a new trial.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I dissent. My reason is simple. In *Hall v. State*, 305 Ark. 193, 805 S.W.2d 651 (1991), the court made it clear that the burden of establishing indigency is on the defendant claiming indigent status. Nonetheless, the majority opinion here has placed that burden on the State.

In considering appellant's indigent status, the trial court reviewed appellant's indigency form which reflected he earned $300 per week and listed no debts. The court also found the appellant had misrepresented on the indigency form that he did not own any real property. In addition, the trial court found the appellant had conceded that he had employed counsel in two civil lawsuits and paid for a transcript in those proceedings. In short, the trial court held the appellant failed to show entitlement to indigency status and, therefore, had no right to appointed counsel.

The majority seems to confuse the right to court-appointed counsel with whether appellant was denied a right to counsel. Here, appellant had every opportunity to obtain counsel; he simply failed to act. Appellant's court-appointed counsel was relieved of responsibility in this matter one month from trial; thus, appellant had adequate opportunity to employ an attorney, but he made no apparent effort to obtain counsel. Instead, he moved for a con-

tinuance one week prior to trial, and the trial court, finding no reason for delay, denied the motion.

In conclusion, I am aware that this court has long considered a fundamental tenet of our system of justice to be the requirement that the trial court must see that the right to counsel is carefully guarded. *Murdock v. State*, 291 Ark. 8, 722 S.W.2d 768 (1987). The court has also held that, if the right to counsel is waived, a voluntary and intelligent waiver must appear upon the record. *Id.* at 11. However, the record here tends to show the appellant has attempted to frustrate the judicial system by refusing to do anything. He offered additional evidence to prove indigency or to show he made efforts to obtain an attorney, but failed. For these reasons, I would not reverse.