Frankie IRVIN *v.* STATE of Arkansas

CA CR 97-1371                                              972 S.W.2d 948

Court of Appeals of Arkansas
Division II
Opinion delivered May 27, 1998

144

*J. Eric Hagler*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Frankie Irvin was charged as a habitual offender with the offenses of aggravated robbery, theft of property, and attempted capital murder. The murder charge was apparently dropped, and a date was set for trial by jury on the remaining two charges. Mr. Irvin's retained counsel, A. Wayne Davis, failed to appear in Desha County Circuit Court on the trial date. At a hearing in chambers with Mr. Irvin and two prosecuting attorneys, the trial court stated that Mr. Davis was not excused even though the court had been told that he had been fired and he had faxed the court a motion to withdraw the night before trial. The court also stated that it would issue an order for Mr. Davis to show cause why he should not be held in contempt. Mr. Irvin

then told the court he needed "someone to represent me that will represent me in my best interest." The court treated his request as a motion for a continuance and denied the motion. Mr. Irvin's trial without counsel followed. He was convicted of aggravated robbery and theft of property, and was sentenced to a term of 240 months in the Arkansas Department of Correction.

On appeal Mr. Irvin contends that (1) he was denied his constitutional right to assistance of counsel at trial, and (2) his continued incarceration for a conviction based upon "clear error" constitutes a denial of due process. The State concedes that the trial court deprived appellant of his Sixth Amendment right to counsel. We agree and therefore reverse and remand for a new trial.

■ The Sixth Amendment to the United States Constitution, made obligatory upon the states by the Due Process Clause of the Fourteenth Amendment, guarantees an accused the right to have the assistance of counsel for his defense. *Beyer v. State*, 331 Ark. 197, 962 S.W.2d 751 (1998). Article 2, Section 10, of the Arkansas Constitution provides that an accused in a criminal prosecution has the right to be heard by himself and his counsel. *Id.* No sentence involving loss of liberty can be imposed where the right to counsel has been denied. *Id.*

Here, at the hearing in chambers, appellant told the trial court that he wanted to fire Mr. Davis because of the "dirty language" he used in a motion for the judge's recusal. The court told appellant that appellant had "some supervisory capacity" over his attorney and the filing of the motion. Appellant replied, "I don't know how to go about this, you know. I need — I need someone to represent me in this." Appellant also told the court that he was in pain and that he had records of his visits to the emergency room and a doctor's office. The court stated:

> Well, this Court had a, had a pretrial hearing the last time this was set for trial and the record will reflect that. And you and I had some discussions. I was concerned at that point in time with Mr. Davis' representation of you from the standpoint that the matter was set for trial that day. I did not grant a continuance

until that day. Mr. Davis didn't show up that day and subpoenas had not been issued.

. . . .

I was concerned because it didn't look like Mr. Davis had prepared at least to the extent of requesting subpoenas, and I think I advised you of that on the record. I also advised you if you wanted another attorney to act diligently in changing an attorney. I don't think that you've done that.

. . . .

[Y]ou've had adequate opportunity to get another attorney in this case if you had wanted one before waiting until the day when this, or the day before this case was set for trial, which is — The first time I heard anything about any continuance or changing or firing attorneys was yesterday. That was long after a jury had been called. And I consider this a motion to continue and in the exercise of my discretion, I'm not going to grant the motion to continue.

The court then considered appellant's motion for recusal. During discussion of that motion, appellant referred to a paper he had brought that had been typed by Mr. Davis. The following colloquy occurred:

THE COURT: I'm going to let you decide whether you want to offer these documents or not. It's up to you.

THE DEFENDANT: I wished I had an attorney here with me.

THE COURT: Well, I do, too, but apparently you made the decision to fire him, so — do you want to offer these?

THE DEFENDANT: Well, I really had no choice.

THE COURT: Well, I don't know about that. So do you want to offer this or not?

. . . .

THE COURT: Do you want to offer this?

THE DEFENDANT: I don't know — I really need a, an attorney, sir.

THE COURT: Okay.

THE DEFENDANT: Please.

THE COURT: So you don't have anything else —

THE DEFENDANT: I'm begging you. Please —

THE COURT: — you want to offer?

THE DEFENDANT: — let me get — I talked to Mr. McArthur.

THE COURT: You — I've already said I hadn't, I've refused to grant the continuance to allow you to get another attorney because your request was not made with due diligence.

The court took further evidence on the motion to recuse, denied the motion, and then stated the following:

I want to address you on an issue. Mr. Davis is not here. This court has not relieved him.

Now, I personally believe the circumstantial evidence in this case is that Mr. Davis is not here for a reason. It's to protect Mr. Irvin who's still his client so that Mr. Irvin can claim, if we go forward with the trial without Mr. Davis absence [sic], that Mr. Irvin did not have, for appellate purposes, the benefit of the counsel that he had. I think that's why Mr. Davis isn't here today.

I think, as I said, circumstantial evidence shows that. Now, if I force Mr. Irvin to trial without Mr. Davis here today, then Mr. Irvin can argue that on appeal. The case might be reversed for that. I don't know. You never know what an appellate case is going to do. I'm sufficiently convinced that Mr. Davis and Mr. Irvin have been attempting to delay this matter every time that it came up. Now, I have no way to verify their disagreement. All I can do is hear what Mr. Irvin says.

The judge further stated that he believed appellant, by his conduct at the last minute, had waived his constitutional right to counsel and could be required to go to trial *pro se*. Appellant replied, "Well, me and Mr. Davis, we're not in this together to prelong [*sic*] this."

The right to counsel may be waived, but the waiver must be made knowingly, voluntarily, and intelligently. *Smith v. State*, 329 Ark. 238, 947 S.W.2d 373 (1997). Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights, and the burden is upon the State to show that an accused voluntarily and intelligently waived his fundamental right to the assistance of counsel. *Daniels v. State*, 322 Ark. 367, 908 S.W.2d 638 (1995). The *Daniels* court further explained:

> [W]e have stated that determining whether an intelligent waiver of the right to counsel has been made depends in each case upon the particular facts and circumstances, including the background, the experience and conduct of the accused. To establish a voluntary and intelligent waiver, the trial judge must explain to the accused that he is entitled as a matter of law to an attorney and question him to see if he can afford to hire counsel. The judge must also explain the desirability of having the assistance of an attorney during the trial and the drawbacks of not having an attorney. The last requirement is especially important since a party appearing *pro se* is responsible for any mistakes he makes in the conduct of his trial and receives no special consideration on appeal.

322 Ark. at 373, 908 S.W.2d at 640 (citations omitted). Furthermore, there are three requirements that must be met before a trial court can find that an accused has knowingly and intelligently waived counsel and allow the accused to proceed *pro se* in a criminal case. *Philyaw v. State*, 288 Ark. 237, 704 S.W.2d 608 (1986), *overruled on other grounds, Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996). The requirements are that (1) the request to defend oneself is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues. *Id.* at 244, 704 S.W.2d at 611.

Here, as in *Philyaw*, appellant did not ask that he be allowed to represent himself, and the record reveals absolutely no waiver of that right, yet appellant was forced to represent himself. Therefore our inquiry becomes whether appellant's conduct prevented the fair and orderly exposition of the issues and amounted to a forfei-

ture of his right to counsel. *See Beyer v. State*, 331 Ark. 197, 962 S.W.2d 751 (1998).

The trial judge stated that he believed that circumstantial evidence showed that counsel's absence was deliberately planned to delay appellant's trial and for purposes of appeal if a trial proceeded without benefit of counsel. The State as appellee acknowledges that it finds no evidence in the record to support the trial court's suspicions that counsel's absence was deliberately planned to delay appellant's trial and for purposes of appeal. The State therefore concedes that it cannot in good faith argue that counsel and appellant concocted this scenario as a tactic for delay.

■ The record does show appellant's persistent pleas for an attorney after his retained counsel failed to appear, and it also shows the trial court's repeated refusal to postpone the trial until counsel could be obtained. It is within the trial court's discretion to grant a continuance so that a criminal defendant may obtain a new attorney, and this decision will not be reversed absent an abuse of discretion. *Roseby v. State*, 329 Ark. 554, 953 S.W.2d 32 (1997). In making this determination, the trial court may consider the following factors: (1) the reasons for the change, (2) whether other counsel has already been identified, (3) whether the defendant has acted diligently in seeking the change, and (4) whether the denial is likely to result in any prejudice to defendant. *Id.* at 559, 953 S.W.2d at 35 (citations omitted).

In *Beyer v. State*, 331 Ark. 197, 962 S.W.2d 751 (1998), our supreme court reversed and remanded a case for a new trial where the trial court required the defendant to go to trial without an attorney. One month before trial, the trial court had dismissed the public defender from representing the defendant upon its finding that he could afford to hire his own attorney, and the defendant had sought a continuance one week before trial, claiming that he needed more time to find an attorney. The supreme court, noting the absence of convincing evidence to support the conclusion that the defendant's motion for a continuance was an attempt to postpone his trial date, held that the trial judge had abused his discretion by requiring him to be tried without counsel.

■ Here, Mr. Davis was appellant's counsel of record on the day of appellant's trial. As the trial court noted, the attorney

was required to be present the day of trial. Although the trial court announced that it would impose sanctions against the attorney, he was never excused from representing appellant. The court specifically noted that it had not issued an order allowing appellant's attorney to withdraw, and the court stated that the attorney could not withdraw without such an order. Thus, appellant had an attorney of record but was forced to trial without the benefit of having him present. The record clearly shows that the trial court abused its discretion in denying appellant a continuance so that he could obtain counsel before proceeding to trial. Therefore, we reverse and remand for a new trial.

For his second point on appeal, appellant contends that his continued incarceration is premised upon a conviction resulting from clear error, constituting a denial of due process. He asks that he be released and the charge dismissed or, alternatively, that he be allowed a reasonable bail until a determination of his direct appeal is made. Such relief can be sought by appellant once the case is within the jurisdiction of the trial court on remand.

Reversed and remanded for new trial.

GRIFFEN and CRABTREE, JJ., agree.